UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

WACO DIVISION

| | |
|---|---|
| **JOSEPH VAN LOON** *et al.* <br><br> **Plaintiffs,** <br><br> v. <br><br> **DEPARTMENT OF TREASURY** *et al.*, <br><br> **Defendants.** | Civil Action No. 6:22-cv-920 |

### DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO TRANSFER

Defendants filed their motion to transfer this case to the Austin Division for three straightforward reasons. *See* Defs.' Mot., ECF No. 15. First, not a single party resides in Waco, and the only Texas party resides within the Austin Division. Second, the Waco court carries a significantly heavier per-judge caseload than the Austin Division. And third, Austin has existing facilities for the review and storage of classified information, while Waco does not. Plaintiffs respond by explaining that they chose the Waco Division and promising that all Plaintiffs and their counsel are happy to travel to Waco if necessary. *See* Pls.' Opp., ECF No. 16. But they do not rebut Defendants' showing that Austin would be "clearly *more* convenient" than Waco—or, indeed, provide any reason this case should be heard in Waco at all. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc) (emphasis added). The en banc Fifth Circuit has recognized that where "not a single relevant factor favors the [plaintiff's] chosen venue," and the "only connection between th[e] case and the [chosen district] is plaintiff's choice to file there," a case should be transferred to the more convenient venue. *Id.* at 318. Here, that venue is Austin.

Plaintiffs note that this is an Administrative Procedure Act (APA) case that will be "decided based on the administrative record," Pls.' Mot. at 2, and that any jurisdictional facts will be provided by affidavit. But this case is still in its early stages—Defendants have no way of knowing whether any forthcoming affidavits will be sufficient to demonstrate Plaintiffs' standing. What Defendants do know is that Plaintiff Joseph Van Loon lives in the Austin Division—presumably along with any documents or effects that could ultimately be relevant. They also know that Waco lacks a Secure Compartmentalized Information Facility (SCIF) where the Court may view and store classified portions of the administrative record.[1] Reviewing classified material will likely be necessary to resolve Plaintiffs' statutory and constitutional claims because the administrative record, which memorializes the basis for OFAC's determination that Tornado Cash is a sanctioned entity, contains classified information.

Plaintiffs also claim that the "median time for resolution of 'Administrative' cases in the Waco Division is at least as low as in the Austin Division," Pls.' Mot. at 5 (citing Pls.' Ex. A, ECF No. 16-1), but fail to note that their own exhibit appears to show that only four APA cases have been filed in the Waco Division[2], while Austin has apparently handled dozens. *See* Pls.' Ex. A.

---

[1] Plaintiffs' motion argues that Defendants "conspicuously do not state that there is no convenient way for the Court to view classified documents in Waco." Pls. Mot. at 3. Undersigned counsel has confirmed with the Department of Justice's Litigation Security Group, which is responsible for transmitting classified information from DOJ to the U.S. Courts, that there is presently no convenient way for the Court to view and store classified documents in Waco. The closest available SCIF facility is the FBI SCIF in Austin.

[2] Plaintiffs' exhibit appears to be drawn from Thompson-Reuters' litigation analytics tool. That same source indicates that apparently only one of these four APA cases was resolved on the merits. *See* Order, ECF No. 33, *Shipper v. Price*, No. 6:17-cv-253 (W.D. Tex. March 1, 2019) (adopting report and recommendations on summary judgment motions). Of the other three, one of them remains pending, one was voluntarily dismissed, and one was dismissed for want of jurisdiction. *See Childrens' Health Def. et al. v. FDA*, 6:22-cv-93 (W.D. Tex.) (motion to dismiss fully briefed as of Sept. 16, 2022); Notice of Voluntary Dismissal, ECF No. 14, *Texans Against High-Speed Rail, Inc. v. U.S. Dep't of Transp.*, No. 6:21-cv-365 (W.D. Tex. Aug. 18

This small Waco sample size does not demonstrate anything useful about the typical time to resolve such cases. The fact remains that, in 2021, the per-judge civil caseload in Waco was nearly six times higher than in Austin. *See* Defs.' Mot. at 3. It would therefore benefit judicial economy for this case to be heard in Austin.

For these reasons, Austin is clearly the more convenient forum for this case. Defendants respectfully request that the case be transferred to the Austin Division.

| | |
|---|---|
| Dated: October 28, 2022 | Respectfully Submitted, |
| | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
| | ALEXANDER K. HAAS<br>Director |
| | DIANE KELLEHER<br>Assistant Director |
| | */s/ Christopher R. Healy*<br>CHRISTOPHER R. HEALY<br>Trial Attorney<br>STEPHEN M. ELLIOTT<br>Senior Counsel<br>Federal Programs Branch, Civil Division<br>United States Department of Justice<br>1100 L St. NW<br>Washington, DC 20005<br>Tel: 202-514-8095<br>Fax 202-616-8470<br>E-mail: Christopher.Healy@usdoj.gov |
| | *Counsel for Defendants* |

---

2021); Text Order, *Watson v. USA*, No. 6:18-cv-272 (W.D. Tex. Feb. 5, 2019) (denying motion for reconsideration of order adopting report and recommendation granting motion to dismiss for want of jurisdiction).