# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **JOSEPH VAN LOON** *et al.* | |
| **Plaintiffs,** | |
| **v.** | Civil Action No. 6:22-cv-920 |
| **DEPARTMENT OF TREASURY** *et al.*, | |
| **Defendants.** | |

## ANSWER

Defendants Department of the Treasury; Office of Foreign Assets Control; Janet Yellen, in her official capacity as Secretary of the Treasury; and Andrea M. Gacki, in her official capacity as Director of the Office of Foreign Assets Control, hereby answer Plaintiffs' Amended Complaint (the "Amended Complaint"), ECF No. 21.

The introductory paragraph consists of Plaintiffs' characterization of this action, to which no response is required.

1. Defendants lack knowledge or information sufficient to know whether Plaintiffs are users of the Ethereum blockchain or Tornado Cash. Defendants admit that Tornado Cash is partially administered through open-source software code, and that Tornado Cash operates primarily on the Ethereum blockchain, but otherwise deny the second clause of the second sentence. The remainder of this paragraph consists of Plaintiffs' characterization of this action, to which no response is

required.  To the extent a response is deemed required, Defendants deny these allegations.

2.   The first sentence of this paragraph is admitted.  As for the second sentence, Defendants admit only that the Ethereum blockchain includes a publicly available record of transactions conducted on the Ethereum blockchain, but otherwise deny. As to the third sentence, Defendants deny that installation of a wallet is necessary to transact on the Ethereum blockchain, but admit that a public address and private key function like a password.  As to the fourth sentence, Defendants admit that users of the Ethereum blockchain can send and receive certain digital assets without the involvement of a traditional financial institution, but otherwise lack knowledge or information sufficient to admit or deny the allegations because the term "intermediary" is vague and undefined.

3.   As to the first two sentences of this paragraph, Defendants admit only that transactions recorded on the Ethereum blockchain are organized into blocks, but otherwise lack sufficient information to admit or deny the sentences because they fail to identify what "transactions" or "chain" they are referring to, and include vague phrases such as "points to the block before it."  The third sentence of this paragraph is admitted.  The fourth sentence reflects Plaintiffs' opinion, to which no response is required, and includes phrases such as "it also makes it difficult for users to protect their privacy," which are vague and undefined.  Thus, Defendants lack knowledge or information sufficient to admit or deny the allegations in the fourth sentence.  However, Defendants admit that the Ethereum blockchain

includes a publicly available record of transactions conducted on the Ethereum blockchain.

4.  The allegations in the first two sentences of this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.  The third, fourth, and fifth sentences are denied.

5.  The allegations in the first sentence of the paragraph are admitted.  As for the second sentence, Defendants admit that when a smart contract is deployed on the Ethereum blockchain, it is assigned a public address, but otherwise lack knowledge or information sufficient to admit or deny the allegations because the term "interact" is vague and undefined.  As for the third sentence, Defendants admit only that when smart contract code receives instructions to run, such code generally runs, but otherwise lack knowledge or information sufficient to admit or deny because the terms "interacts" and "human intervention" are vague and undefined.

6.  The first sentence reflects Plaintiffs' opinion about what is "most important," which is vague and undefined, and to which no response is required, so Defendants lack knowledge or information sufficient to admit or deny those aspects of the sentence. However, the Defendants admit that Tornado Cash refers to some of its smart contracts as "pools."  The second and third sentences are denied.  As for the fourth sentence, Defendants admit only that users of  Tornado Cash can withdraw crypto assets into an address different than the address used to deposit crypto assets into

Tornado Cash smart contracts, but otherwise lack knowledge or information sufficient to admit or deny, because the phrases "degree of privacy" and "less likely" are vague and undefined, and because they reflect Plaintiffs' opinion, to which no response is required. As to the fifth sentence, Defendants only admit that code related to certain Tornado Cash smart contracts cannot be updated at present. Defendants otherwise deny the fifth sentence.

7.   Defendants admit that OFAC added Tornado Cash to the SDN List on August 8, 2022, which SDN List entry was accompanied by identifying information, including the tornado.cash website address and other digital currency addresses. Defendants respectfully refer the Court to the designation for a complete and accurate reflection of its contents.

8.   Admitted.

9.   The allegations in this paragraph consist of Plaintiffs' characterization of this action and Plaintiffs' legal argument and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants admit only that OFAC redesignated Tornado Cash and updated the SDN List entry on November 8, 2022, which SDN List entry was accompanied by identifying information, including the tornado.cash website address and other digital currency addresses, and withdrew the August 8, 2022 designation. Defendants respectfully refer the court to the designation for a complete and accurate reflection of its contents.

10.  The allegations in the first sentence of this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required. To the extent a

response is deemed required, Defendants deny those allegations.  The allegations in the second, third, and fourth sentences of this paragraph consist of Plaintiffs' characterization of the International Emergency Economic Powers Act ("IEEPA"), the United Nations Participation Act of 1945, and the North Korea Sanctions and Policy Enhancement Act of 2016.  Defendants admit that the cited statutes contain the quoted language, but otherwise respectfully refer the Court to these statutes and deny any allegations that are inconsistent with them.

11. This paragraph consists of Plaintiffs' legal arguments and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

12. This paragraph consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendants deny that they have exceeded their statutory authority, violated the Constitution or the Administrative Procedure Act ("APA"), or that Plaintiffs are entitled to any relief.

13. This paragraph consists of Plaintiffs' characterization of this action and legal conclusions regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs' Complaint invokes the Constitution, APA, and 28 U.S.C. § 1331, but deny that this Court has jurisdiction.

14.  This paragraph consists of Plaintiffs' legal conclusions regarding venue, to which no response is required.  To the extent a response is deemed required, Defendants deny that venue is proper.

15.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

17.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph.  As for the second sentence, Defendants admit that "running an Ethereum validator node" refers to a process that involves depositing Ether to activate software that validates Ethereum transactions but otherwise lack knowledge or information sufficient to admit or deny the allegations.  As for the third sentence, Defendants admit only that it is possible to earn Ether by adding new blocks to the Ethereum blockchain, but otherwise lack knowledge or information sufficient to admit or deny the allegations, because the terms "adding new blocks to the blockchain" and "validators" are vague and undefined because they could refer to various blockchains.  As for the fourth sentence, Defendants admit only that the process of running validator nodes is sometimes referred to as staking.  In the fifth sentence, the phrases "running a new validator node is thus a valuable activity" and "attract attention from malicious actors" are vague and undefined, so Defendants lack knowledge or information sufficient to admit or deny the allegations in the fifth sentence.  That sentence also

reflects Plaintiffs' opinion, to which no response is required. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the sixth sentence of this paragraph.

18. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

23. With respect to the first three sentences of this paragraph, Defendants admit only that following Tornado Cash's designation and addition to the SDN List, all transactions by U.S. persons or within or transiting the United States that involve any property or interests in property of Tornado Cash are prohibited unless authorized by a general or specific license issued by OFAC, or exempt. Defendants aver that, as of the date of this Answer, Mr. Almeida has not applied for a specific license to transact in any blocked property. Defendants lack sufficient information to admit or deny whether, or if so how much, Ether or other funds Mr. Almeida has or had in Tornado Cash at any time, and, except as stated herein, deny the

allegations in the first three sentences of this paragraph.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth and fifth sentences.

24. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

26. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

27. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

28. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

30. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, but deny that any such funds are "trapped."

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

32. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

33. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, but deny that OFAC's designation "prevented" Plaintiff from transferring Ether.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

36. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations, but deny that any such funds are "trapped."

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of these allegations.

39. This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, admitted

40. Defendants lack knowledge or information sufficient to admit or deny this paragraph because the term "supports," as used in this paragraph, is vague and undefined.  To the extent a response is deemed required, admitted.

41. Defendants admit only that Ethereum is a blockchain platform that includes a public ledger of linked data blocks that are sequenced on the Ethereum blockchain in the chronological order they were added to the Ethereum blockchain, which is shared over a peer-to-peer network, but otherwise lack knowledge or information

sufficient to admit or deny, because Plaintiffs do not identify what "other blockchains" this paragraph is referring to.

42. Because the terms "transparency" and "cryptography" are vague and undefined, and because this paragraph does not identify which "blockchain" it is referring to, Defendants lack knowledge or information sufficient to admit or deny the allegations in the first sentence of this paragraph. Defendants admit only that the Ethereum blockchain includes cryptographic elements. Because the terms "transact on the blockchain" and "an application called a wallet" are vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence. Defendants admit only that transmission of Ether via the Ethereum blockchain may involve use of a digital currency address referred to as a public key. Because the term "money" is vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the third sentence. Defendants admit only that transmission of Ether via the Ethereum blockchain may involve use of a digital currency address referred to as a public key. The fourth and fifth sentences are admitted.

43. As for the first sentence of this paragraph, Defendants admit only that Ethereum is a blockchain platform that includes a public ledger of linked data blocks, but otherwise lack knowledge or information sufficient to admit or deny, because the sentence constitutes Plaintiffs' opinion, to which no response is required, and because it contains phrases that are vague and undefined, such as "public nature of that ledger" and "crucial feature." The second and third sentences are admitted.

10

44. The first sentence of this paragraph reflects Plaintiffs' opinion regarding "individual privacy," as to which no response is required, and which is vague and undefined, so Defendants lack knowledge or information sufficient to admit or deny, except that they admit that Ethereum is a blockchain platform that includes a public ledger of linked data blocks.  Defendants lack knowledge or information sufficient to admit or deny whether "a user's complete financial history" would be identified as that term is vague and undefined.  To the extent a response to the remainder of the second sentence is deemed necessary, Defendants deny the allegations.

45. As for the first sentence, Defendants admit only that users of the Ethereum blockchain platform can transfer digital assets between digital currency addresses, and that such addresses need not be associated with particular individual's identifying information, but otherwise lack knowledge or information sufficient to admit or deny the first sentence of this paragraph, because the terms "anonymized wallet address" and "publicly identifiable address" are vague and undefined.  As for the second sentence, Defendants admit only that, in some circumstances, transactions conducted on the Ethereum blockchain platform may be linked to the individual or entity that executed such transactions, but otherwise lack sufficient information to admit or deny the allegations because the phrases "publicly identifiable address," "links his anonymous address to one that is publicly associated with the user," and "tremendous amount of personal transaction and financial information" are vague and undefined.

46. The allegations in this paragraph consist of Plaintiffs' characterization of their theory of this action, and legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny the allegations in this paragraph.

47. As to the first sentence of this paragraph, Defendants admit only that Tornado Cash makes use of smart contracts, and deny that Tornado Cash "consists of open-source code," but otherwise lack sufficient information to admit or deny the allegations because the phrases "uploaded by independent developers" and "over the course of years" are vague and undefined. As to the second sentence, Defendants deny that smart contracts "self-execute," and only admit that smart contracts include software programs stored on the blockchain. As for the third sentence, Defendants admit only that smart contracts may be modified in some circumstances, but otherwise lack knowledge sufficient to admit or deny the allegations because the phrases "their developers include a feature permitting updates," "altered" and "controlled" are vague and undefined.

48. Defendants deny that Tornado Cash smart contracts cannot be altered, edited, or otherwise controlled, but otherwise lack sufficient information to admit or deny the remaining allegations in this paragraph because the phrases "backbone" and "perpetually self-executing," are vague and undefined.

49. The first sentence of this paragraph is denied. The second sentence is admitted. As for the third sentence, Defendants deny that the Ethereum blockchain may be used to expose a user's "entire financial history," but otherwise lack knowledge or

information sufficient to admit or deny the allegations because the terms "severing of that link" and "third parties" are vague and undefined.

50. As for the first sentence, Defendants admit only that Tornado Cash is not the sole virtual currency mixer in existence, but otherwise lack sufficient information to admit or deny, because the term "crypto privacy protocol" is vague and undefined. As for the second sentence, Defendants admit that a high volume of users makes it more difficult to match deposits and withdrawals of a cryptocurrency mixer, but otherwise lack knowledge or information sufficient to admit or deny the allegations because the sentence contains vague phrases such as "sets Tornado Cash apart," and because the Tornado Cash user base has fluctuated over time. The third sentence reflects Plaintiffs' opinion of Tornado Cash's reputation, to which no response is required. To the extent a response is required, Defendants deny that Tornado Cash has a reputation for security, and admit only that Tornado Cash facilitates anonymous transactions by obfuscating their origin, destination, and counterparties. As for the fourth sentence, Defendants deny that users never relinquish or share ownership of their crypto assets, and otherwise lack sufficient knowledge or information to admit or deny because the terms "non-custodial" and "surrender" are vague and undefined.

51. This paragraph contains Plaintiffs' characterization of IEEPA, to which no response is required. To the extent a response is deemed required, Defendants

13

admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

52.   This paragraph contains Plaintiffs' characterization of the United Nations Participation Act of 1945, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

53.   This paragraph contains Plaintiffs' characterization of the North Korea Sanctions and Policy Enhancement Act of 2016, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

54.   This paragraph contains Plaintiffs' characterization of Executive Order (EO) 13,694 and OFAC regulations, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the EO and regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

55. This paragraph contains Plaintiffs' characterization of EO 13,722 and OFAC regulations, to which no response is required. To the extent a response is deemed required, Defendants admit that the quoted language appears in the EO, but otherwise respectfully refer the Court to the EO and regulations and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

56. Defendants admit that they have previously designated individuals, corporations, and other entities, and added such persons and certain property to the SDN List, but otherwise deny the first sentence. Defendants admit that on February 25, 2022 they added Vladimir Putin to the SDN List, and admit that on July 6, 2016 they added Kim Jong Un to the SDN List. The remainder of this paragraph consists of links to Department of the Treasury press releases. Defendants respectfully refer the Court to the press releases, and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

57. Defendants admit that they previously designated Blender.io, a virtual currency mixer, and added it to the SDN List, but respectfully refer the Court to the Department of the Treasury press release, and deny that Plaintiffs' characterization is a complete and accurate statement of its contents. Insofar as the terms "operated" and "under centralized control" are vague and undefined, Defendants lack knowledge or information sufficient to admit or deny the allegations in the second sentence. Insofar as the terms "particular crypto assets" and "randomly 'mixed' crypto assets" are vague and undefined, Defendants lack

15

knowledge or information sufficient to admit or deny the allegations in the third sentence.

58. Defendants admit that they have regulations governing delisting, at 31 C.F.R. § 501.807, but respectfully refer the Court to those regulations and deny that this paragraph is a full and accurate representation of the contents of those regulations. Defendants deny that no application for de-listing is possible here, and further deny that Tornado Cash is "open source code" that is "not owned by anyone."

59. Defendants admit that on August 8, 2022 OFAC added Tornado Cash to the SDN List and announced that decision in the linked press release and cited Federal Register report.  Defendants respectfully refer the Court to those documents and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

60. This paragraph consists of Plaintiffs' characterization of this action, to which no response is required.  To the extent a response is deemed required, Defendants admit that Plaintiffs commenced this action on September 8, 2022.

61. Defendants admit that on September 13, 2022 OFAC published the linked FAQs addressing the designation, and admit that the quoted language appears in the FAQs, but otherwise respectfully refer the Court to the FAQs themselves, and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

62. Defendants admit that they withdrew the August 8, 2022 designation and simultaneously redesignated Tornado Cash on November 8, 2022, but respectfully

16

refer the Court to the press release and Federal Register Notice, and deny that Plaintiffs' characterization is a complete and accurate statement of their contents. Defendants deny the remainder of this paragraph.

63. Defendants admit that on November 8, 2022 OFAC issued the linked new and revised FAQs and admit that the quoted language appears in the FAQs, but otherwise respectfully refer the Court to the FAQs, and deny that Plaintiffs' characterization is a complete and accurate statement of their contents.

64. The first three sentences of this paragraph consist of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny those allegations. Defendants deny the fourth and fifth sentences of this paragraph.

65. This paragraph consists of Plaintiffs' legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny those allegations.

66. The first sentence of this paragraph is admitted. The second sentence of this paragraph is denied.

67. Defendants deny that they "designated" any addresses, or that any Tornado Cash smart contracts known as "pools" consist solely of "inalterable" code, and admit only that OFAC added the smart contract addresses identified in footnotes 2, 3, 4, and 5 to the SDN List as identifiers for Tornado Cash. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph.

17

68.   As to the first sentence of this paragraph, Defendants deny that Tornado Cash smart contracts known as "pools" consist solely of "inalterable" code, but they lack knowledge sufficient to admit or deny whether the referenced pools "form the backbone" of Tornado Cash, because that term is vague and undefined.  As to the second sentence, Defendants admit that open-source code is an element of a Tornado Cash smart contract, but deny that it is the only element, and otherwise deny the remainder of the sentence.

69.   Defendants deny that they "designated" any addresses, and admit only that OFAC added the smart contract addresses identified in footnote 6 to the SDN List as identifiers for Tornado Cash.  Defendants lack knowledge or information sufficient to admit or deny the remaining allegations in this paragraph because the terms "obsolete" and "rarely used" are vague and undefined.

70.   As for the references throughout this paragraph to "addresses designated by OFAC," and similar phrases, Defendants deny that they "designated" any addresses, but rather admit only that OFAC added certain smart contract addresses to the SDN List as identifiers for Tornado Cash.  As for the introductory sentence to this paragraph, Defendants admit only that multiple Tornado Cash features are or were implemented in part through smart contracts, but otherwise lack knowledge or information sufficient to admit or deny the remaining allegations of that sentence because the phrase "other features" is vague and undefined. As to the first sentence of part (a) of this paragraph,  Defendants admit only that OFAC added the smart contract addresses identified in footnote 7 to the SDN List as

identifiers for Tornado Cash, and further admit that a TORN is a token used by Tornado Cash, but otherwise lack knowledge or information sufficient to admit or deny the allegations in the sentence.  As to the second sentence of part (a), Defendants admit that those smart contracts allow users to check the total supply of TORN, but are without knowledge or information sufficient to admit or deny the remainder of that sentence because the phrase "among other things" is vague and undefined.  As to the first sentence of part (b), Defendants deny that the structure and operation of the Tornado Cash service are "govern[ed] and record[ed]" solely through smart contracts, and admit only that OFAC added the smart contract addresses identified in footnote 8 to the SDN List as identifiers for Tornado Cash. Defendants lack knowledge or information sufficient to admit or deny the remaining allegations of part (b).  As to parts (c) and (d), admit only that OFAC added the smart contract addresses identified in footnotes 9 and 10 to the SDN List as identifiers for Tornado Cash.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in parts (c) and (d).  As to part (e), admit only that OFAC added the smart contract addresses identified in part (e) to the SDN List as identifiers for Tornado Cash, and that the smart contract address 0xdd4c48c0b24039969fc16d1cdf626eab821d3384 is associated with Gitcoin.  Defendants deny the third sentence of part (e).  As to part (f), deny that Tornado Cash smart contracts consist solely of "inalterable" code, and admit only that OFAC added the identified smart contract address to the SDN List

as an identifier for Tornado Cash.  Defendants otherwise lack knowledge or information sufficient to form a belief as to the truth of the allegations in part (f).

71.   This paragraph consists of legal conclusions to which no response is required. Defendants respectfully refer the Court to the cited authority for a complete and accurate statement of the contents of that authority, and deny anything inconsistent with that authority to the extent a response is deemed required.

72.   This paragraph contains Plaintiffs' characterization of the Department of the Treasury's May 6, 2022 press release announcing the designation of virtual currency mixer Blender.io, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the press release, but otherwise respectfully refer the Court to the press release and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

73.   This paragraph consists of legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants admit that OFAC's designation of Tornado Cash resulted in the blocking of all of Tornado Cash's property and interests in property located within U.S. jurisdiction, and all transactions by U.S. persons or within or transiting the United States that involve any property or interests in property of Tornado Cash are prohibited unless authorized by a general or specific license issued by OFAC, or exempt, but otherwise deny the allegations.

74. Defendants lack knowledge or information sufficient to admit or deny the first sentence of this paragraph because it is unclear what "the open-source, self-executing code" refers to.  To the extent a response is deemed required, Defendants admit only that aspects of the Tornado Cash code are still operational, and deny Plaintiffs' characterization of that code as "open-source" and "self executing." As to the second sentence, Defendants admit that individuals may receive unsolicited crypto assets sent through Tornado Cash, *see* FAQ 1078 (last updated Nov. 8, 2022) https://home.treasury.gov/policy-issues/financial-sanctions/faqs/added/2022-09-13, but  otherwise deny the allegations in that sentence.

75. This paragraph consists of legal conclusions and argument, to which no response is required.  To the extent a response is deemed required, Defendants admit only that OFAC's designation of Tornado Cash resulted in the blocking of all of Tornado Cash's property and interests in property located within U.S. jurisdiction and all transactions by U.S. persons or within or transiting the United States that involve any property or interests in property of Tornado Cash are prohibited unless authorized by a general or specific license issued by OFAC, or exempt.  The allegations in this paragraph are otherwise denied.

76. The allegations in this paragraph consist of legal conclusions and argument, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

21

77. The allegations in this paragraph consist legal conclusions and argument, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations and deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

78. This paragraph consists of a legal conclusion, to which no response is required.

79. Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

80. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

81. This paragraph contains Plaintiffs' characterization of IEEPA, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

82. This paragraph contains Plaintiffs' characterization of the United Nations Participation Act of 1945, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

83. This paragraph contains Plaintiffs' characterization of the North Korea Sanctions and Policy Enhancement Act of 2016, to which no response is required.  To the extent a response is deemed required, Defendants admit that the quoted language appears in the statute, but otherwise respectfully refer the Court to the statute and deny that Plaintiffs' characterization is a complete and accurate statement of its contents.

84. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions and Plaintiffs' characterization of IEEPA, the United Nations Participation Act of 1945, and the North Korea Sanctions and Policy Enhancement Act of 2016, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

85. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions and Plaintiffs' characterization of IEEPA, the United Nations Participation Act of 1945, and the North Korea Sanctions and Policy Enhancement Act of 2016, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

86. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

87. Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

88. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

89. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

90. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

91. Defendants hereby incorporate their responses to all preceding paragraphs of the Amended Complaint by reference.

92. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants lack knowledge or information sufficient to admit or deny whether Plaintiffs have any Ether that "belongs to them," or is "their property," but otherwise deny the allegations.

93. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

94. The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

95.   The allegations in this paragraph consist of Plaintiffs' legal argument and legal conclusions, to which no response is required.  To the extent a response is deemed required, Defendants deny those allegations.

The remaining unnumbered paragraphs constitute a prayer for relief to which no answer is required.  To the extent a response is deemed required, Defendants deny that Plaintiffs are entitled to the relief requested, or to any relief whatsoever.

Defendants hereby deny all allegations in Plaintiffs' Amended Complaint not expressly admitted or denied.

### AFFIRMATIVE DEFENSES

1.   Plaintiffs lack standing to bring this lawsuit.

2.   Plaintiffs fail to state claims for which relief can be granted.

3.   Defendants at all relevant times acted in accordance with applicable legal authority, and did not violate the Constitution, Administrative Procedure Act, IEEPA, the United Nations Participations Act of 1945, North Korea Sanctions and Policy Enhancement Act of 2016, or any other applicable statute or authority.

4.   To the extent that Plaintiffs' claims rely on constitutionally protected interests or applicable case law, such authorities to do not apply to the circumstances alleged by Plaintiffs.

Wherefore, having fully Answered, Defendants respectfully request that the Court enter judgment dismissing this action with prejudice and awarding Defendants costs and other such relief as the Court may deem appropriate.

Dated: December 9, 2022

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney
General

ALEXANDER K. HAAS
Director

DIANE KELLEHER
Assistant Director

STEPHEN M. ELLIOTT
Senior Counsel

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
CHRISTINE L. COOGLE
Trial Attorneys
Federal Programs Branch, Civil
Division
United States Department of Justice
1100 L St. NW
Washington, D.C. 20005
Tel: 202-514-8095
Fax: 202-616-8470
Email: Christopher.Healy@usdoj.gov

*Counsel for Defendants*