UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

JOSEPH VAN LOON; TYLER ALMEIDA;
ALEXANDER FISHER; PRESTON VAN LOON;
KEVIN VITALE; and NATE WELCH,

　　　　　　　　　　　Plaintiffs,

　　　　　　- against -

DEPARTMENT OF THE TREASURY; OFFICE OF
FOREIGN ASSETS CONTROL; JANET YELLEN,
in her official capacity as Secretary of the Treasury; and
ANDREA M. GACKI, in her official capacity as Director
of the Office of Foreign Assets Control,

　　　　　　　　　　　Defendants.

Civil Action No. 6:22-cv-920-ADA-JCM

### PLAINTIFFS' OBJECTIONS TO REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72, and Rule 4(a)

of Appendix C to the Local Court Rules of the Western District of Texas, Plaintiffs Joseph Van

Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch object

to the Report and Recommendation issued by Magistrate Judge Manske on February 16, 2023

(Dkt. 28), recommending that the Court grant Defendants' motion to transfer this case to the Austin

Division (Dkt. 15).

### INTRODUCTION AND OBJECTIONS

Plaintiffs filed this action under the Administrative Procedure Act on September 8, 2022.

They challenge Defendants' addition of a crypto privacy protocol and certain crypto addresses to

the Office of Foreign Assets Control's Specially Designated Nationals and Blocked Persons List.

Defendants' action exceeds their statutory authority because the immutable, open-source software

at issue is not "property," a "foreign country or a national thereof," or a "person."  Defendants'
action also violates the Free Speech Clause of the First Amendment and the Due Process Clause
of the Fifth Amendment to the U.S. Constitution.  Over a month after Plaintiffs filed their com-
plaint, Defendants moved to transfer the case to the Austin Division under 28 U.S.C. § 1404(a).

The magistrate judge recommended that this Court grant Defendants' motion on the ground
that three of the eight factors set out by the Fifth Circuit favor transfer.  Specifically, the magistrate
judge found that "the relative ease of access to sources of proof," "the administrative difficulties
flowing from court congestion," and "the local interest in having localized interests decided at
home" favor transfer.  *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en
banc), *cert. denied*, 555 U.S. 1172 (2009) (citation omitted); *see* Dkt. 28.  The Report and Recom-
mendation is contrary to law and clearly erroneous for four reasons.

*First*, the magistrate judge incorrectly applied Fifth Circuit precedent, which requires the
movant to show that the transferee venue is clearly more convenient.  *See* Dkt. 28, at 2-3, 8.  The
magistrate judge instead shifted the burden to Plaintiffs to demonstrate that the Waco Division is
clearly more convenient than the Austin Division.

*Second*, the magistrate judge clearly erred by finding that the ease of access to sources of
proof supported transfer because unspecified classified information in the administrative record
would need to be viewed in a secure compartmentalized information facility and the Waco Divi-
sion lacks such a facility.  *See* Dkt. 28, at 5.  Defendants offered no declaration or other evidence
to prove that it would be necessary to view classified materials, much less that it would be incon-
venient to do so in the Waco Division.

*Third*, the magistrate judge acted contrary to law and clearly erred by finding that court
congestion favored transfer.  *See* Dkt. 28, at 6-7.  Defendants provided no legally relevant statistics

on the speed of the respective divisions; the magistrate judge should not have calculated such statistics on his own initiative; and the statistics he calculated do not clearly establish that the Austin Division would be faster.

*Fourth*, the magistrate judge clearly erred by finding that there was a local interest in the Austin Division. *See* Dkt. 28, at 7-8. Defendants did not address that factor in their motion, and in any event, Plaintiffs are challenging a government action with district-wide and indeed nation-wide effect.

In light of the foregoing errors, the Report and Recommendation should be rejected. Because no factor favors transfer to the Austin Division, Defendants' motion to transfer should be denied.

### A.    The Report And Recommendation Is Contrary To Law Because It Shifted The Evidentiary Burden To Plaintiffs

By concluding that it is "error to deny a request to transfer venue when no relevant factor favors the chosen venue," Dkt. 28, at 8, the magistrate judge impermissibly shifted the burden to Plaintiffs to justify their choice of venue. Under settled law, the "moving party" must "clearly demonstrate" that transfer is warranted. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc), *cert. denied*, 555 U.S. 1172 (2009); *see also Defense Distributed* v. *Bruck*, 30 F.4th 414, 433 (5th Cir. 2022). The moving party thus bears an "elevated burden" to "show materially more than a mere preponderance of convenience." *TrackThings, LLC* v. *Amazon.com, Inc.*, Civ. No. 21-720, 2022 WL 1462204, at *2 (W.D. Tex. May 9, 2022) (internal quotation marks and citation omitted). Indeed, even where some factors weigh in favor of transfer and the remaining factors are neutral, transfer may be unwarranted. *See Dali Wireless, Inc.* v. *Corning, Inc.*, Civ. No. 20-1108, 2021 WL 5316409, at *7 (W.D. Tex. Sept. 20, 2021).

The magistrate judge's error in shifting the burden significantly affected his analysis.  The magistrate judge gave weight to the fact that Plaintiffs "d[id] not dispute that the administrative record contains classified information," even though Defendants failed to offer any evidence that classified materials would be relevant to Plaintiffs' purely legal claims.  Dkt. 28, at 5.  The magistrate judge also improperly considered that Plaintiffs did not identify a person in the Waco Division who would be affected by the litigation, even though Defendants failed to raise the issue of local interest.  *See id.* at 7-8.

The magistrate judge cited the Fifth Circuit's decision in *Volkswagen*, *supra*, *see* Dkt. 28, at 8, but that case makes clear that the burden is on the moving party.  There, the district court incorrectly concluded that several factors were neutral when they actually favored transfer.  *See Volkswagen*, 545 F.3d at 316-318.  It was in that context that the Fifth Circuit admonished the district court for "glossing over the fact that not a single relevant factor favors the [plaintiffs'] chosen venue." *Id.* at 318.  Elsewhere in the same opinion, the Fifth Circuit unequivocally stated that the moving party must prove that the transferee venue is "clearly more convenient." *Id.* at 315.  And the Fifth Circuit has since reiterated that, "[w]here there is no demonstration by the movant, let alone a clear one, the court cannot weigh a factor against the non-movant and in favor of transfer." *Defense Distributed*, 30 F.4th at 434.

## B.    The Finding That Ease Of Access To Sources Of Proof Favors Transfer Is Clearly Erroneous

With respect to the ease of access to sources of proof, the magistrate judge clearly erred in two regards by finding that there was a need for a secure compartmentalized information facility to review the administrative record.  *See* Dkt. 28, at 5.  *First*, Defendants never identified what category of classified materials would be relevant; which one of the purely legal issues in this case those materials would implicate; or how often the Court would need to view those materials.  In

their motion, Defendants made only a conclusory assertion that the administrative record—which had not yet been produced—contained classified information.  *See* Dkt. 15, at 3.  As it turns out, the memorandum explaining the basis for Defendants' action is *not* classified, and Plaintiffs have not objected to any of the sporadic redactions of classified materials in the record.  *See* Dkt. 27.

*Second,* the magistrate judge clearly erred for the independent reason that Defendants failed to produce any evidence demonstrating that it would be inconvenient for the Court to view classified materials in the Waco Division.  All Defendants offered was their attorneys' say-so that there is no secure compartmentalized information facility in the Waco Division.  *See* Dkt. 15, at 3; Dkt. 17, at 2.  If accepted, the magistrate judge's findings would mean that the government could always transfer cases involving classified information out of the Waco Division.  Indeed, even cases involving sensitive commercial information might have to be transferred if an attorney simply says that a special facility is necessary to view the documents.  The Court should not adopt the magistrate judge's finding on this factor.

### C.     The Finding That Court Congestion Favors Transfer Is Contrary To Law And Clearly Erroneous

The magistrate judge also committed legal error, and clearly erred in several respects, by finding that administrative difficulties flowing from court congestion favor transfer.

*First*, the magistrate judge acted contrary to law by seemingly relying on statistics regarding caseload per judge, rather than time to resolution.  *See* Dkt. 28, at 6-7.  It is well-settled that the "relevant inquiry is the speed at which a case can be resolved."  *Dali Wireless*, 2021 WL 5316409, at *7.  But Defendants cited no statistics whatsoever regarding time to resolution and instead relied on caseloads per judge.  *See* Dkt. 15, at 3; Dkt. 17, at 2-3.  And the magistrate judge

appeared to reject statistics regarding time to resolution as "dubious." Dkt. 28, at 7. By apparently recommending transfer based on caseload statistics, the magistrate judge acted contrary to law.[*]

*Second*, to the extent the magistrate judge relied on time-to-resolution statistics that he calculated sua sponte, his decision was still contrary to law. The magistrate judge asserted—without citation—that the relevant "time to outcome in Waco is 195 days and 167 days in Austin." Dkt. 28, at 7. But where Defendants make no effort to produce evidence on the relevant legal question, it is legal error for a judge to remedy that deficiency. *See* pp. 3-4, *supra*.

*Third*, even if it were proper to consider the magistrate judge's statistics, he still acted contrary to law and clearly erred by finding that the Austin Division would resolve the case more quickly. Court congestion favors transfer only if there is an "appreciable difference in docket congestion between the two forums." *ParkerVision, Inc.* v. *Intel Corp.*, Civ. No. 20-108, 2021 WL 401989, at *6 (W.D. Tex. Jan. 26, 2021). The difference of 28 days in the magistrate judge's statistics, *see* Dkt. 28, at 7, is not an "appreciable difference." *ParkerVision*, 2021 WL 401989, at *6. For each of the foregoing reasons, the Court should reject the finding that court congestion favors transfer.

### D.     The Report And Recommendation Is Clearly Erroneous Because Defendants Did Not Demonstrate A Local Interest In The Austin Division

Finally, the magistrate judge clearly erred by finding that a local interest in the Austin Division favored transfer. *See* Dkt. 28, at 7-8. Defendants never argued that there was a local interest in deciding the case. *See* Dkt. 15, 17. The magistrate judge cited a statement in Defendants' motion that the Austin Division is "the site of *any* localized interest." *See* Dkt. 28, at 7 (citing

---

[*] The magistrate judge dismissed Plaintiffs' statistics as "dubious" because they "included only District Judges and did not include statistics regarding Magistrate Judges." Dkt. 28, at 7. But Plaintiffs offered statistics for the district judges identified by Defendants in their caseload statistics, one of whom (Judge Nowlin) had no administrative-law decisions in the Westlaw Analytics database. *See* Dkt. 15, at 2-3; Dkt. 16, at 4-5 & Ex. A.

Dkt. 15, at 2) (emphasis added).  But that half-sentence hypothetical is not an argument, and De-fendants did not argue anywhere in their reply that this factor favored transfer, *see* Dkt. 17—even after Plaintiffs noted that Defendants had not raised the issue, *see* Dkt. 16, at 3.  In any event, because the challenged action applies nationwide, "the alleged injury does not create a substantial local interest in any particular district."  *Adaptix, Inc.* v. *HTC Corp.*, 937 F. Supp. 2d 867, 878 (E.D. Tex. 2013); *see also Mateos* v. *Select Energy Services, L.L.C.*, 919 F. Supp. 2d 817, 825 (W.D. Tex. 2013).  The fact that one plaintiff resides in Cedar Park does not create a substantial local interest in the Austin Division, and the Court should not adopt the magistrate judge's contrary finding.

## CONCLUSION

The magistrate judge acted contrary to law and clearly erred by shifting the burden to Plain-tiffs and by finding that any factors favored transfer.  Plaintiffs respectfully ask that this Court reject the Report and Recommendation of the Magistrate Judge (Dkt. 28) and deny Defendants' motion to transfer (Dkt. 15).

Dated:            February 27, 2023

PAUL, WEISS, RIFKIND,
    WHARTON & GARRISON LLP

Kannon K. Shanmugam*
Brian M. Lipshutz*
Matteo Godi*
Jennifer K. Corcoran*
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300 (telephone)
kshanmugam@paulweiss.com

* Admitted *pro hac vice*

PARKER, BUNT & AINSWORTH, P.C.

By:    /s/ Charles Lewis Ainsworth
Charles Lewis Ainsworth
Texas Bar No. 00783521
100 East Ferguson, Suite 418
Tyler, TX 75702
(903) 531-3535 (telephone)
charley@pbatyler.com