# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **JOSEPH VAN LOON** *et al.* | |
| **Plaintiffs,** | |
| **v.** | Civil Action No. 6:22-cv-920 |
| **DEPARTMENT OF TREASURY** *et al.*, | |
| **Defendants.** | |

## [PROPOSED] STIPULATED PROTECTIVE ORDER

Portions of the administrative record in this case include proprietary and confidential business and transactional materials of third parties, including information that may be protected under the Trade Secrets Act, 18 U.S.C. § 1905.  Accordingly, Plaintiffs Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch; and Defendants Janet Yellen, the Department of the Treasury, Andrea M. Gacki, and the Office of Foreign Assets Control, hereby stipulate and petition the Court for entry of the following protective order, to expedite the exchange of Administrative Record material in the above-captioned matter (the "Litigation"), facilitate the resolution of disputes regarding access to Administrative Record material, and to protect proprietary and confidential business and transactional materials of third parties contained within the record.  The parties seek to enable Plaintiffs' counsel in this litigation to access those portions of the administrative record containing proprietary or confidential information, pursuant to the terms and conditions of this Protective Order, and to the extent appropriate, solely for purposes of this litigation and not for other purposes.  The parties jointly stipulate and petition the Court as follows:

1. **Documents and Information Covered by this Order**

(a)     This Order shall govern the use and disclosure of any document or information in connection with this Litigation that constitutes or reflects information derived from:

        (i)     Information provided by a third party that contains non-public competitively sensitive commercial information, including but not limited to, trade secrets or confidential research development, or commercial financial information as defined in Fed. R. Civ. P. 26(c)(1)(G).

(b)     Documents or information reasonably determined to be within the scope of paragraph 1(a) by Defendants in the course of compiling the Administrative Record are hereinafter referred to as "Highly Sensitive Confidential Information" (HSCI).  HSCI shall be marked by the producing party prior to production as "HIGHLY CONFIDENTIAL: ATTORNEYS' EYES ONLY" or with a similar marking that brings its attention to a reasonable examiner.  If, in the course of disclosing or using such documents or information, a medium is used that makes such a marking impractical (such as in the case of a compact disc, thumb-drive, or other data media), the exterior, accompanying paper, or e-mail cover letter shall be marked similarly, in a way that brings its attention to a reasonable examiner. Designation and marking of HSCI in accordance with this paragraph shall be deemed effective to bring information contained in such documents under the protection of this Order unless and until the Court orders Otherwise.

(c)     Except as specified below, all information derived from HSCI, even if incorporated in another document or compilation, or referred to in testimony,

shall remain HSCI and shall continue to be subject to the requirements of this
Order regardless of whether such document or compilation or testimony has been
marked in accordance with paragraph 1(b).  With respect to hearing, deposition,
or trial transcripts of testimony or argument, any party asserting that the transcript
contains HSCI shall notify the opposing party within thirty (30) days after the
receipt of the transcript of the specific line and page numbers constituting HSCI.

**2.  Use and Disclosure of Information Covered by this Order.**

(a)  Subject to the requirements of this Order, Defendants are authorized to release HSCI to
counsel for the Plaintiffs.  Unless otherwise ordered by a court, administrative agency, or
other governmental or regulatory body of competent jurisdiction, or otherwise provided
in this Order, HSCI received by Plaintiffs' counsel during the course of this litigation
may only be used in connection with the prosecution of this Litigation and for no other
purpose.

(b)  Except upon the prior written consent of Defendants, or as otherwise expressly provided
in this Order, Plaintiffs' counsel may only disclose HSCI to the following persons:

   (i)   Counsel who are engaged in the conduct of this Litigation on behalf of the named
   Parties;

   (ii)  Partners, associates, and legal assistants of any person described in subsection
   2(b)(i), but only to the extent necessary to render professional services in
   connection with this Litigation;

   (iii)  Secretaries and other clerical staff of any person described in subsection 2(b)(i),
   but only to the extent necessary to render professional services in connection with
   this Litigation;

(iv)    The Court, its staff, and court officials involved in the Litigation, (including court reporters or persons operating video equipment during depositions), and any mediators and their staff appointed by the Court or agreed to in writing by the parties in the Litigation.

(c) Before disclosure of any HSCI is made to any person described in subsections 2(b)(i)-(iii), such person shall sign the Confidentiality Undertaking attached hereto as Exhibit A. Unless otherwise ordered by the Court, in the event that any such person refuses to sign the Confidentiality Undertaking no HSCI may be disclosed to such person except with the written consent of Defendants, and subject to any procedures that the Defendants may require to maintain the confidentiality of such HSCI.

(d) All executed Confidentiality Undertaking forms shall be retained by Plaintiff's counsel until such time as this Litigation, including any appeals, is concluded, and shall be available to Defendants, or their agents or counsel, upon request.

**3. Inadvertent Failure to Designate, and Inadvertent Disclosure.**

(a) Inadvertent Failure to Designate: Defendants' counsel may notify the Plaintiffs' counsel that a document or information produced that should have been designated as HSCI was inadvertently produced without being designated as such.  Upon receiving such notice, Plaintiffs' counsel shall immediately treat the documents and information as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice.  No party shall be deemed to have violated this Order if, prior to notification of any later designation, such documents or information have been disclosed or used in a manner inconsistent with the later

designation.  Once such a designation has been made, however, the relevant documents and information shall be treated as HSCI in accordance with this Order.

(b) Inadvertent Disclosure:  If Plaintiffs' counsel discloses HSCI to any person not authorized to receive such disclosure, Plaintiff's counsel must, upon learning that such disclosure has been made: (1) inform Defendants' counsel of the disclosure, including the facts and circumstances of such disclosure; and, (2) request the return of the HSCI, take all reasonable steps to ensure that the HSCI is returned, seek to minimize any further unauthorized disclosure, and take all reasonable steps to prevent any future unauthorized disclosure.

**4.  Filing HSCI.**

(a) Redaction or Filing Under Seal:  Those portions of pleadings, motions, affidavits, briefs, exhibits, and other papers filed with or submitted to the Court that contain HSCI shall be redacted or filed separately under seal.  If filed under seal, the filing shall remain under seal (i) unless otherwise ordered by this Court upon notice to the parties, or (ii) unless Defendants consent in writing to its unsealing, in which case the contents of the filing shall be unsealed to the extent of such consent.

(b) HCSI that is filed under seal shall not be made available to persons other than authorized court personnel or as provided in this Order.  Filings containing HCSI shall be served upon opposing counsel by e-mail.

(c) Counsel for any party in this action may file a duplicate copy of any sealed filing containing HSCI on the public record upon redaction of all HCSI from the duplicate copy.

(d) Prior to using any HSCI in open court, counsel shall confer regarding such procedures as

5

are necessary to protect the nondisclosure of the subject discovery material, including, without limitation, providing Defendants or any third-party whose information is at issue an opportunity to move the Court to close the proceedings.  Nothing herein, however, shall prevent a party from opposing any such motion to close the proceedings.

(e) In the event that it is known reasonably in advance of oral argument or any other public hearing that HCSI may be disclosed, counsel of a Party shall so advise the Court and counsel for the opposing Party.  If such information is expected to be referenced or discussed, the Court may consider measures to ensure the preservation of its confidentiality.

**5.  Order Not to be Construed as a Waiver.**

In addition, each party reserves the right to move to modify the terms of this Order at any time.  By consenting to this Order, no party hereto shall be deemed to have waived its right to seek a Protective Order with respect to any documents or information, regardless of whether such documents or information fall within the scope of this Order, and each party reserves the right to oppose any motion to modify the terms of this Order.  Except as specified in Section 6 of this Order, nothing in this Order shall be construed as a waiver of a party's right to challenge a party's designation of materials as HSCI subject to this Protective Order.  This Order does not constitute a ruling on any potential objection to the admissibility of any documents or other material, and the parties reserve their right to object to discovery or supplementation of the administrative record on any appropriate ground.

**6.  Procedures for Challenging Designation of HSCI.**

(a) Any challenge to a designation of HSCI shall be made by initiating the process described below in paragraph 6(b) within 14 days of Plaintiff's receipt of a designation of HSCI.

Any failure to challenge such a designation of confidentiality in a timely fashion pursuant to the procedures set forth herein shall result in a waiver of such a challenge.

(b) Plaintiffs must provide written notice of each HSCI designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring within 5 days of the date of delivery of notice.  In conferring, the Plaintiffs must explain the basis for their belief that the confidentiality designation was not proper and must give Defendants an adequate opportunity to review and to reconsider the designation.

(c) If the Parties cannot resolve a challenge without Court intervention, the Plaintiffs shall file and serve a motion to challenge a confidentiality designation within 14 days after the Plaintiffs' initial notice of challenge.  Any such motion must be accompanied by a competent declaration affirming that the movant has complied with the requirements of paragraph 6(b) of this Order.  The burden of persuasion in any such challenge shall be on the Plaintiffs.  All parties shall continue to afford the material in question the protection to which it is entitled under Defendants' designation of HSCI under this Order until the Court rules on the challenge.

**7. Miscellaneous Provisions**

The Parties intend that this Order shall be consistent with the Federal Rules of Civil Procedure and the Local Rules, except as its terms otherwise provide.  Nothing in this Order shall prevent disclosure as required by law or compelled by order of any court.  Nothing in this Order shall be construed to permit the disclosure of classified information or information the disclosure of which is otherwise prohibited by statute or privilege.  Nothing in this Order shall be construed to restrict the Government's use or disclosure of information subject to this Order.

Nothing in this Order shall impose any restriction on the use of or disclosure by a party of its own information.  Nor shall this Order be construed to prevent a party from disclosing HSCI to any person whom the document clearly identifies as an author, addressee, or carbon copy recipient of such document.

8. **Protected Information Subpoenaed or Ordered Produced in Other Litigation or Other Matters.**

If any Plaintiff, or their counsel, receives a legal demand or a request or is otherwise subject to a legal obligation that may require the disclosure of HSCI, then such person shall promptly notify Defendants of receipt of such demand, request, or obligation and provide Defendants with a copy thereof (except to the extent such demand, request, or obligation comes from Defendants, as part of this Litigation).  In addition, unless a shorter time is mandated by a court order, such notification shall be in writing and be received by Defendants at least 14 days before the date designated for production.  If such a demand, request, or obligation requires compliance in less than 14 days, notice should be given as soon as possible, with a sufficient period of time for objections to be lodged by Defendants.  Plaintiffs' counsel shall cooperate with respect to all reasonable procedures pursued by Defendant to protect the confidentiality of HSCI in any relevant proceeding.

9. **Termination of Litigation.**

The provisions of this Order shall continue to be binding after final termination of this Litigation. Within forty-five (45) days after final conclusion of all aspects of this Litigation, including any appeals and/or the administration of any settlement or claims provisions or processes, Plaintiffs' counsel and other individuals who received HSCI must certify to Defendants' counsel that such HSCI, (i) has been returned to Defendants, or (ii) has been destroyed (other than counsel's copies of exhibits filed under seal with the Court, counsel's file

copies of papers prepared in connection with this action, e.g., pleadings, court papers and other papers served in this Litigation, and counsel's file copies of any expert reports, depositions or transcripts).

## 10.  Consent to Jurisdiction

Plaintiffs' counsel hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

## 11.  Binding Nature of Protective Order

Execution of this Protective Order shall constitute a representation by Plaintiffs' counsel that they, all persons employed by their firm who have access to HSCI, and the party or parties they represent will abide by the terms of this Protective Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.

STIPULATED BY:

Dated: February 28, 2023                    Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director

DIANE KELLEHER
Assistant Director

*/s/ Christopher R. Healy*
CHRISTOPHER R. HEALY
CHRISTINE L. COOGLE
STEPHEN M. ELLIOTT
Federal Programs Branch, Civil Division
United States Department of Justice
1100 L St. NW
Washington, DC 20005
Tel: 202-514-8095

Fax 202-616-8470
E-mail: Christopher.Healy@usdoj.gov
*Counsel for Defendants*


PARKER, BUNT & AINSWORTH, P.C.

By:      /s/ *Charles Lewis Ainsworth*
Charles Lewis Ainsworth
Texas Bar No. 00783521
100 E. Ferguson Suite 418
Tyler, TX 75702
(903) 531-3535 (telephone)
charley@pbatyler.com

PAUL, WEISS, RIFKIND,
   WHARTON & GARRISON LLP

Kannon K. Shanmugam*
Brian M. Lipshutz*
Matteo Godi*
Jennifer K. Corcoran*
2001 K Street, N.W.
Washington, DC 20006
(202) 223-7300 (telephone)
kshanmugam@paulweiss.com
*Admitted pro hac vice*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| **JOSEPH VAN LOON** *et al.* | |
| **Plaintiffs,** | |
| **v.** | Civil Action No. 6:22-cv-920 |
| **DEPARTMENT OF TREASURY** *et al.*, | |
| **Defendants.** | |

## <u>CONFIDENTIALITY UNDERTAKING</u>

I hereby certify that: (i) I have read the Protective Order (the "Order") that has been entered by the Court in the above-captioned matter, and I understand its terms; (ii) I understand that Highly Sensitive Confidential Information ("HSCI") subject to the terms of the Order is being provided to me pursuant to the terms of the Order; (iii) I agree to be fully bound by the provisions of the Order, including its provisions restricting disclosure of HSCI and limiting the use of such material; (iv) I hereby submit to the jurisdiction of the United States District Court for the Western District of Texas for purposes of enforcement of the Order; and (v) I understand that violation of the Order may be punishable by contempt of Court and may be subject to such further relief as the Court may order.

Dated: _____

Signature: _____

Print name: _____