UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Joseph Van Loon et al.,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Department of the Treasury et al.,**<br><br>**Defendants.** | Civil Action No. 1:23-cv-00312-RP |

### UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF FOR *AMICI CURIAE* BLOCKCHAIN ASSOCIATION AND DEFI EDUCATION FUND IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Blockchain Association (the "Association") and DeFi Education Fund ("DEF"), through their undersigned counsel, move this Court for leave to file as *amici curiae* the attached brief.[1]  The brief urges the Court to grant Plaintiffs' motion for partial summary judgment, drawing upon *amici*'s expertise regarding cryptocurrency and the digital asset economy.  This motion is supported by a proposed order granting the motion and the proposed *amicus* brief, marked as Exhibit A.  Both the Plaintiffs and the Government have consented to the filing of the motion and brief.

### INTEREST OF *AMICI CURIAE*

The Blockchain Association (the "Association") is the leading nonprofit membership organization dedicated to promoting a pro-innovation policy environment for the digital asset economy.  It endeavors to achieve regulatory clarity and to educate policymakers, regulators,

---

[1] No party or counsel for a party authored the proposed brief in whole or in part, and no party, counsel for a party, or person other than the proposed *amici curiae* or their counsel has made any monetary contribution intended to fund the preparation or submission of the proposed brief.

courts, and the public about how blockchain technology can pave the way for a more secure, competitive, and consumer-friendly digital marketplace. The Association represents over 100 member companies reflecting the wide range of the dynamic blockchain industry, including software developers, infrastructure providers, exchanges, custodians, investors, and others supporting the public blockchain ecosystem.

The DeFi Education Fund ("DEF") is a nonpartisan research and advocacy group that works to educate courts, policymakers, and the public about the benefits of decentralized finance—or "DeFi"—and the importance of regulatory clarity for the digital asset economy. DEF exists to demystify the uses and benefits of DeFi, to help unlock its immense potential to facilitate human prosperity. In doing so, it represents the interests of DeFi users, participants, and software developers working to expand the utility of DeFi.

The Association and DEF seek leave to participate in this case because they are concerned that the decision of the Office of Foreign Assets Control ("OFAC") to sanction Tornado Cash reflects misunderstandings of how digital assets and the blockchain ecosystem work, and will have substantially harmful consequences for that ecosystem and its users. In the attached brief, the Association and DEF seek to clarify how digital asset transactions work—in terms of blockchain generally, Tornado Cash specifically, and why the dynamics of blockchain make privacy-protecting tools like Tornado Cash important. They further seek to explain why the Tornado Cash sanctions are unlawful under a proper understanding of this factual background. *Amici*'s expertise as leading policy voices in the digital asset sector and representatives of those active in this industry well equips them to address these issues and their import.

## ARGUMENT

Trial courts have discretion whether to allow the filing of an amicus brief. *United States*

*ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp. 2d 920, 927 (S.D. Tex. 2007). "Factors relevant to the determination of whether amicus briefing should be allowed include whether the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *Id.* (quoting *Waste Mgmt. of Pa., Inc. v. City of York*, 162 F.R.D. 34, 36 (M.D. Pa. 1995)). One reason a brief may be useful and necessary is that the *amici* have "expertise in the issues in th[e] proceeding." *State v. Biden*, 338 F.R.D. 219, 225 (W.D. La. 2021). "[A]n amicus brief should normally be allowed … when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC*, 125 F.3d 1062, 1063 (7th Cir. 1997)). In this circumstance, *amici* can "submit[] briefing designed to supplement and assist in cases of general public interest, supplement the efforts of counsel, and draw the court's attention to law that might otherwise escape consideration." *Cmty. Ass'n for Restoration of the Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

The foregoing describes the exact role the Association and DEF seek to play. As leading educational and representative organizations in the digital asset sector, *amici* have unique expertise on the technologies at issue in this case and the real-world effects of the Tornado Cash sanctions. And these real-world effects—in addition to the logical consequences of OFAC's sweeping claim of regulatory authority—render this case one of significant public interest. Given all this, the Association and DEF are well situated to supplement Plaintiffs' analysis of the Tornado Cash sanctions and their legal defects. *Amici*'s proposed brief therefore clarifies the underlying practical issues and offers supplemental analysis why the sanctions are "not in accordance with law." 5 U.S.C. § 706(2)(A).

## CONCLUSION

For the foregoing reasons, the Blockchain Association and DEF respectfully request leave from the Court to file the attached brief as *amici* curiae.

Dated: April 12, 2023

Respectfully submitted,

*/s/ Jonathan Guynn*
Jonathan Guynn
Texas Bar No. 24120232
JONES DAY
2727 North Harwood Street
Dallas, TX  75201
Phone: (214) 220-3939
Fax: (214) 969-5100
jguynn@jonesday.com

James M. Burnham
D.C. Bar No. 1015196
Alexis Zhang
D.C. Bar No. 90008032
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC  20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jburnham@jonesday.com
alexiszhang@jonesday.com

Eric Tung
California Bar No. 275063
JONES DAY
555 South Flower Street, 50th Floor
Los Angeles, CA  90071
Phone: (213) 489-3939
Fax: (213) 243-2539
etung@jonesday.com

*Counsel for* Amici Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2023, the foregoing document was filed through the Court's ECF system and a copy will be served on all parties according to the Federal Rules of Civil Procedure.

                                                            */s/ Jonathan Guynn*  
                                                            Jonathan Guynn