IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH VAN LOON; TYLER ALMEIDA; ALEXANDER FISHER; PRESTON VAN LOON; KEVIN VITALE; and NATE WELCH, | ) ) ) ) | |
| *Plaintiffs*, | ) ) ) | |
| v. | ) ) | No. 1:23-cv-00312-RP |
| DEPARTMENT OF THE TREASURY; OFFICE OF FOREIGN ASSETS CONTROL; JANET YELLEN, in her official capacity as Secretary of the Treasury; and ANDREA M. GACKI, in her official capacity as Director of the Office of Foreign Assets Control, | ) ) ) ) ) ) ) ) | |
| *Defendants*. | ) ) | |

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS BRIEF ON BEHALF
OF PARADIGM OPERATIONS LP IN SUPPORT OF PLAINTIFFS'
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

Paradigm Operations LP ("Paradigm") respectfully moves for leave to submit the attached amicus curiae brief in support of the Plaintiffs' motion for partial summary judgment. Paradigm is a venture investment firm focused on supporting innovation within the crypto asset, blockchain, and web3 sectors. Paradigm offers a range of services, from the technical to the operational, to help crypto companies and projects achieve their full potential. Similarly, in its role as an industry participant and steward, Paradigm actively dedicates significant resources to engaging with state and federal regulators, legislators, trade associations, and other industry participants in order to help educate, advocate for, and grow the industry. Paradigm has filed briefs as amicus curiae in several matters similarly as critical as this, including *SEC v. Ripple Labs, Inc.*, No. 20-cv-10832 (S.D.N.Y), *Commodity Futures Trading Comm'n v. Ooki DAO*, No. 3:22-cv-05416 (N.D. Cal.), and *SEC v. Wahi, et al*, No. 2:22-cv-01009 (W.D. Wash.). Pursuant to Local Rule CV-7(g), counsel for Paradigm asked counsel for Plaintiffs and Defendants whether they oppose this motion. Neither Plaintiffs nor Defendants oppose the filing of the proposed amicus brief. The proposed amicus brief is attached to this motion as Exhibit A.

Although the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Western District of Texas do not address the subject of amicus curiae briefs, federal courts have broad "discretion" to admit an amicus curiae. *In re Halo Wireless, Inc.*, 684 F.3d 581, 595-96 (5th Cir. 2012); *see also Sierra Club v. FEMA*, No. Civ.A. H-07-0608, 2007 WL 3472851, at *1 (S.D. Tex. Nov. 14, 2007) ("The extent, if any, to which an *amicus curiae* should be permitted to participate in a pending action is solely within the broad discretion of the district court." (cleaned up)). A district court may permit the filing of an amicus brief where "the proffered information is 'timely and useful' or otherwise necessary to the administration of justice." *United States ex rel. Gudur v. Deloitte Consulting LLP*, 512 F. Supp.

2d 920, 927 (S.D. Tex. 2007) (*citing Waste Mgmt. of Pa. v. City of York*, 162 F.R.D. 34, 36-37 (M.D. Pa. 1995)).

Here, the Department of the Treasury's ("the Department") designation of the open-source software code called Tornado Cash raises important questions regarding the Department's statutory authority to sanction non-entities and non-persons and to prohibit all users from interacting with the software. Specifically, the Department's statutory authority is limited to sanctioning "property" and "persons," but Tornado Cash is an open-source software code that is not an asset, does not own any assets, and is not a person or entity.

The proposed amicus brief by Paradigm will be of aid to the Court and will offer insights not presented by or available to the parties. Paradigm possesses a deep and extensive understanding of the underlying technology, the legal issues, and the potential consequences at stake in this case. *See Neonatology Assocs., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 132 (3d Cir. 2002) (Alito, J.) ("Even when a party is very well represented, an amicus may provide important assistance to the court" by "explain[ing] the impact a potential holding might have on an industry or other group" (quotation marks omitted)). Paradigm's proposed amicus brief would assist the Court in its understanding of the statutory arguments Plaintiffs include in their motion for partial summary judgment and would further elaborate why Tornado Cash is not "property" or a "person." The amicus brief also explains for the Court the importance of financial privacy on a public open-source blockchain like Ethereum necessitating the use of mixing tools like Tornado Cash.

Although there is no Local Rule or Federal Rule of Civil Procedure regarding the time for filing amicus briefs in this Court, the Defendants would not be prejudiced by this brief. Paradigm is filing its amicus brief with ample time for Defendants to respond to the arguments

made in this brief. Moreover, the amicus brief is only 11 pages, and does not raise any new questions of law or fact.

For these reasons, Paradigm respectfully requests that the Court grant it leave to participate as amicus curiae and accept the attached amicus brief.

Dated: April 14, 2023

Respectfully submitted,

*/s/ Katherine C. Yarger*
Katherine C. Yarger*
katie@lehotskykeller.com
LEHOTSKY KELLER LLP
700 Colorado Blvd., #407
Denver, CO 80206
(512) 693-8350

Alexis Swartz
alexis@lehotskykeller.com
LEHOTSKY KELLER LLP
919 Congress Avenue
Ste. 1100
Austin, TX 78701
(512) 693-8350

Rodrigo Seira*
rodrigo@paradigm.xyz
PARADIGM OPERATIONS LP
548 Market Street
San Francisco, CA 94104

*Pro Hac Vice Application Pending*

3

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have consented to electronic notification.

<em>/s/ Alexis Swartz</em><br>Alexis Swartz