UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH VAN LOON; TYLER ALMEIDA; ALEXANDER FISHER; PRESTON VAN LOON; KEVIN VITALE; and NATE WELCH,<br><br>                                       Plaintiffs,<br><br>- against -<br><br>DEPARTMENT OF THE TREASURY; OFFICE OF FOREIGN ASSETS CONTROL; JANET YELLEN, in her official capacity as Secretary of the Treasury; and ANDREA M. GACKI, in her official capacity as Director of the Office of Foreign Assets Control,<br><br>                                       Defendants. | No. 1:23-cv-312-RP |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION
TO PRECLUDE PROPOSED AMICUS FILING**

      Plaintiffs Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch respectfully oppose Defendants' motion to preclude the filing of a motion for leave to file an amicus brief, Dkt. 56. Defendants' preemptive and procedurally improper motion should be denied for two independent reasons. *First*, it is premature to adjudicate a motion for leave to file before that motion has even been filed. *Second*, Defendants failed to confer with Plaintiffs before filing their motion.

      1.     Defendants' motion should be denied as premature. The Court has discretion to grant or deny a motion for leave to file an amicus brief, and timeliness may be a relevant factor. But the Court does not yet have before it the Electronic Frontier Foundation's motion explaining why leave to file should be granted. And as Defendants concede, there is no deadline for amicus briefs in the Federal Rules of Civil Procedure or the Local Rules of the Western District of Texas.

*See* Mot. 1.  If Defendants wish to oppose a future motion as untimely, they may do so—after it is filed.<sup>*</sup>

2.  Defendants' motion should also be denied because they failed to meet and confer with Plaintiffs before filing their motion.  "The court may refuse to hear or may deny a nondispositive motion unless the movant advises the court within the body of the motion that counsel for the parties have conferred in a good-faith attempt to resolve the matter by agreement."  L.R. CV-7(g).  If Defendants had informed Plaintiffs of their intent to file a motion, Plaintiffs could have expressed their view regarding the premature nature of the motion.

---

\* In a separate case challenging the same agency action, Defendants similarly filed a "motion for protective order" to prevent the plaintiffs from moving for leave to supplement the administrative record.  The court denied the motion, explaining that it was "premature, at best" and that the "proper way to resolve the issue" was in the posture of a motion for leave to supplement the record.  *Coin Center* v. *Yellen*, Civ. No. 22-20375 (N.D. Fla. Mar. 7, 2023), Dkt. 27, at 1-2.

Dated: April 24, 2023

                                                        Respectfully submitted,

                                                        PAUL, WEISS, RIFKIND,
                                                          WHARTON & GARRISON LLP

                                                        /s/ Kannon K. Shanmugam
                                                        Kannon K. Shanmugam*
                                                        Brian M. Lipshutz*
                                                        Matteo Godi*
                                                        Jennifer K. Corcoran*
                                                        2001 K Street, N.W.
                                                        Washington, DC 20006
                                                        (202) 223-7300 (telephone)
                                                        kshanmugam@paulweiss.com

                                                        *Admitted pro hac vice*

                                                        PARKER, BUNT & AINSWORTH, P.C.

                                                        Charles Lewis Ainsworth
                                                        Texas Bar No. 00783521
                                                        100 East Ferguson Suite 418
                                                        Tyler, TX 75702
                                                        (903) 531-3535 (telephone)
                                                        charley@pbatyler.com

                                                        *Counsel for Plaintiffs*