**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| Joseph Van Loon; Tyler Almeida; Alexander Fisher; Preston Van Loon; Kevin Vitale; and Nate Welch, <br><br> Plaintiffs, <br><br> - against - <br><br> Department of the Treasury, Office of Foreign Assets Control; Janet Yellen, in her official capacity as Secretary of the Treasury; and Andrea M. Gacki, in her official capacity as Director of the Office of Foreign Assets Control, <br><br> Defendants. | Civil Action No. 1:23-cv-00312-RP |

**MOTION FOR LEAVE TO FILE AMICUS BRIEF IN SUPPORT OF PLAINTIFFS'
MOTION FOR PARTIAL SUMMARY JUDGMENT**

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Electronic Frontier Foundation (EFF), through its

undersigned counsel, moves this Court for leave to file as amicus curiae the attached brief.[1] The

brief urges the Court to grant Plaintiffs' motion for partial summary judgment, drawing upon

EFF's expertise with open-source software development and the First Amendment interests it

implicates. The proposed amicus brief is attached as **Exhibit 1** and a proposed order is attached

as **Exhibit 2**. Plaintiffs have consented to the filing of this motion and brief. As explained in

---

[1] No counsel for a party authored the proposed amicus brief in whole or in part, and no counsel or party made a monetary contribution intended to fund the preparation or submission of this brief.

their Motion to Preclude the filing of this brief, Defendants did not oppose its filing by April 25, 2023, but they oppose the filing of the brief after that date. Mot., Dkt 56, at 1. This Court denied that Motion as premature, without prejudice. Order, Dkt. 67. Please note that EFF had planned to file this brief on May 10, well in advance of Defendants' Reply date under the proposed schedule, but EFF has further mitigated any prejudice to Defendants by filing this motion on April 27, just two days after the date Defendants found acceptable.

## INTEREST OF AMICUS

EFF is a member-supported, non-profit digital civil liberties organization that works to protect free speech and the First Amendment right of users of technology to gather, transmit, and receive information online. EFF and its more than 38,000 members have a strong interest in ensuring that courts, legislators, and regulators carefully consider and protect the rights of writers and developers of computer code and, by extension, the public that benefits from their work. Accordingly, EFF regularly participates, as counsel and as *amicus,* in cases, such as this one, where an erroneous interpretation of the law could undermine speech, innovation, and the public interest. *See, e.g., Bernstein v. United States Department of State*, 974 F.Supp. 1288 (N.D. Cal., 1997)(counsel), *Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 448 (counsel); *Junger v. Daley*, 209 F.3d 481, 485 (6th Cir. 2000)(amicus), *Defense Distributed v. U.S. Dept. of State*, 838 F.3d 451 (5th Cir. 2016)(amicus), and *Green v. Department of Justice*, 54 F.4th 738 (D.C.Cir., 2022)(counsel).

Here, EFF seeks to aid the Court's understanding of the negative impact of the OFAC's actions on the open-source community, to the detriment of established free speech interests.

## ARGUMENT

### I.    EFF Has Expertise That Will Assist the Court

"[A]n amicus brief should normally be allowed ... when the amicus has unique

information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *In re Halo Wireless, Inc*., 684 F.3d 581, 596 (5th Cir. 2012) (quoting *Ryan v. CFTC,* 125 F.3d 1062, 1063 (7th Cir. 1997)). EFF offers both.

EFF has deep and unique experience with the legal issues in this case.  For more than three decades, EFF has directly represented computer scientists, educators, and developers in asserting and defending their right to write, share, and receive information. When export controls were applied to block publication of encryption code in the 1990s, for example, EFF successfully established that the regulations constituted an unlawful speech-licensing regime. *See Bernstein v. U.S. Dep't of State*, 945 F. Supp. 1279 (N.D. Cal. 1996).  *See also, e.g., Universal City Studios, Inc. v. Corley*, 273 F.3d 429, 448 (2d. Cir. 2001) (counsel); *Junger v. Daley*, 209 F.3d 481, 485 (6th Cir. 2000) (amicus), *Defense Distributed v. U.S. Dept. of State*, 838 F.3d 451 (5th Cir. 2016) (amicus), and *Green v. Department of Justice*, 54 F.4th 738 (D.C. Cir., 2022) (counsel).

EFF also has a unique perspective based on its practical experience and understanding of the open-source development process. EFF regularly counsels open-source developers regarding their legal rights, particularly where sharing important research might put them at some legal risk. EFF also defends developers that rely on platforms to host their code repositories, including Github, when those repositories are the target of improper legal threats.[2] Finally, as developers and users of open-source technology, EFF technologists are themselves deeply embedded in multiple open-source communities.

EFF's brief draws on this experience to explain how the designation was particularly chilling to open-source software developers and why the government's purported concern about misuse does not excuse the lack of precision in its designation.

---

[2] https://www.eff.org/deeplinks/2020/11/github-reinstates-youtube-dl-after-riaas-abuse-dmca

A.      **Defendants Will Not Be Prejudiced by EFF's Brief**

Defendants will have ample opportunity to respond to EFF's brief. EFF's 14-page brief primarily concerns just one of the multiple claims at issue: the alleged First Amendment violation. Under the proposed scheduling order, Defendants cross motion and response (proposed to be up to 40 pages in length) is due on May 3, six days after the submission of the attached brief. But their Reply (up to 20 pages) is not due until almost six weeks later, on June 14.

Defendants were unconcerned about timing when they offered to consent if EFF were able to file by April 25. EFF submits this Motion just two days later, on April 27. While Defendants doubtless have many arguments to address, more than 40 days and up to 60 pages are more than enough time and space to respond to EFF's narrow and important contribution.

## CONCLUSION

WHEREFORE, Electronic Frontier Foundation respectfully prays that this Court **GRANT** this Motion for Leave to File Brief of *Amicus Curiae*, **ORDER** that the attached Brief of *Amicus Curiae* be filed, and **GRANT** *Amicus Curiae* all other relief to which it may be justly entitled.

Dated:  April 27, 2023                    Respectfully submitted,

                                          /s/ Thomas S. Leatherbury
                                          Thomas S. Leatherbury
                                          Texas State Bar No. 12095275
                                          Thomas S. Leatherbury Law, PLLC
                                          Cumberland Hill School Building
                                          1901 N. Akard Street
                                          Dallas, Texas 75201
                                          Email: Tom@TSLeatherburyLaw.com
                                          Tel.: (214) 213-5004

                                          Cindy Cohn
                                          (*pro hac vice* admission pending)
                                          Electronic Frontier Foundation

815 Eddy Street
San Francisco, CA 94109
Email: cindy@eff.org
Tel.: (415) 436-9333
Fax: (415) 436-9993

Peter B. Steffensen
Texas State Bar No. 24106464
SMU DEDMAN SCHOOL OF LAW
FIRST AMENDMENT CLINIC
P.O. Box 750116
Dallas, TX 7527
Email: psteffensen@smu.edu
Tel.: (214) 768-4077
Fax: (214) 768-1611

*Counsel for Amicus Curiae*
*Electronic Frontier Foundation*

## CERTIFICATE OF CONFERENCE

I hereby certify that Counsel for Amicus Electronic Frontier Foundation conferred with parties. Plaintiffs have consented to the filing of this motion and brief. As explained is their Motion to Preclude the filing of this brief, Defendants did not oppose its filing by April 25, 2023, but they oppose the filing of the brief after that date. Mot., Dkt 56, at 1. This Court denied that Motion as premature, without prejudice. Order, Dkt. 67.

/s/ Thomas S. Leatherbury
Thomas S. Leatherbury


## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following to all counsel of record.

/s/ Thomas S. Leatherbury
Thomas S. Leatherbury