UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| JOSEPH VAN LOON *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF TREASURY *et al.*,<br><br>Defendants. | Civil Action No. 1:23-cv-00312-RP |

## DECLARATION OF RIPLEY QUINBY IV

1. I am currently employed as the Deputy Associate Director in the Office of Global Targeting at the U.S. Department of the Treasury, Office of Foreign Assets Control (OFAC).

2. I have been with OFAC as either a contractor or an OFAC government employee since 2015, first as a Sanctions Investigator and later as a Section Chief for OFAC's Strategic Targeting Section, before assuming my current position.

3. In my present role, I oversee the production of evidentiary memoranda for the purposes of sanctions actions across all of OFAC's sanctions programs, including those pursuant to Executive Order 13722 of March 15, 2016, "Blocking Property of the Government of North Korea and the Workers' Party of Korea, and Prohibiting Certain Transactions With Respect to North Korea" ("E.O. 13722") and Executive Order 13694 of April 1, 2015, "Blocking the Property of Certain Persons Engaging in Significant Malicious Cyber-Enabled Activities," as amended by Executive Order 13757 of December 28, 2016, "Taking Additional Steps to Address

the National Emergency With Respect to Significant Malicious Cyber-Enabled Activities" ("E.O. 13694, as amended").

4.  In particular, I oversaw the production of the evidentiary memorandum that relates to OFAC's November 8, 2022 designation of TORNADO CASH under E.O. 13722 and E.O. 13694, as amended (the "Evidentiary Memorandum").

5.  The facts attested to herein are based on my personal knowledge and information available to me in the course of my official duties, including my review of the Evidentiary Memorandum.

6.  There was an error in OFAC's production of Exhibit 8 to the Evidentiary Memorandum that inadvertently deleted the relevant information cited at pages 45 and 51 of the Evidentiary Memorandum, namely, that according to data from Dune, out of a total of 145,448 withdrawal transactions from TORNADO CASH, 121,702 used relayers and 23,746 were withdrawn to wallets, by which OFAC determined that 83.67% of the total withdrawal transactions used relayers.  The error resulted when the "Print to PDF" function inadvertently truncated the relevant information.

7.  I certify to the best of my knowledge and understanding that these numbers, as reflected in the Evidentiary Memorandum at pages 45 and 51, were accurate at the time of OFAC's designation of TORNADO CASH, and would have appeared in Exhibit 8 had that exhibit been property processed via the Print to PDF function.

8.  I have attempted to determine whether the information from the time of designation is stored at or otherwise available to OFAC in any format, and I have determined that it is not.

9. Nonetheless, as of today's date, the same Dune analytic tool that appeared in Exhibit 8 reflects that there has been 152,855 total withdrawal transactions with 128,315 of them being relayer transactions, by which OFAC determines that 83.94% of TORNADO CASH transactions used relayers. A true and correct copy of this information, as reflected in the analytic tool, is attached hereto as Exhibit A.

In accordance with 28 U.S.C. §1746, I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: April 27, 2023

Ripley Quinby IV
Deputy Associate Director
Office of Global Targeting
Office of Foreign Assets Control
U.S. Department of the Treasury
1500 Pennsylvania Avenue, N.W.
Freedman's Bank Building
Washington, DC 20220

**EXHIBIT A**





