# Exhibit A



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

**Mailing Address**  **Courier Address**
P.O. Box 883   1100 L Street NW
Washington, D.C. 20044   Washington, D.C. 20001

Stephen M. Elliott   Tel:  202-353-0889
Senior Counsel   stephen.m.elliott@usdoj.gov

Via Electronic Mail

September 28, 2022

Kannon K. Shanmugam
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, N.W.
Washington, DC 20006

Re:   *Joseph Van Loon, et al. v. Dep't of the Treasury, et al.*, No. 6:22-cv-00920 (W.D. Tex.)

Dear Mr. Shanmugam:

We are in receipt of your recently filed complaint in *Joseph Van Loon, et al. v. Dep't of the Treasury, et al.*, No. 6:22-cv-00920 (W.D. Tex.), challenging the designation of Tornado Cash by the U.S. Department of the Treasury's Office of Foreign Assets Control (OFAC).  We would like to draw your attention to recently issued responses to OFAC's Frequently Asked Questions (FAQs) regarding the Tornado Cash designation.  They can be found here:

https://home.treasury.gov/policy-issues/financial-sanctions/faqs/added/2022-09-13

As noted in FAQ 1079, U.S. persons or persons conducting transactions within U.S. jurisdiction who wish to complete transactions involving Tornado Cash that were initiated but not completed prior to its August 8, 2022 designation, or otherwise wish to withdraw their virtual currency that was not withdrawn from Tornado Cash before such designation, may apply to OFAC for a specific license to do so, or to engage in other transactions or dealings with Tornado Cash.  Assuming the license application contained sufficient information, as described in FAQ 1079, OFAC would have a favorable licensing policy towards applications to complete transactions involving Tornado Cash or withdraw virtual currency that was deposited prior to its designation, provided that the transaction did not involve other sanctionable conduct.

Further, FAQ 1076 indicates that "interacting with open-source code itself, in a way that does not involve a prohibited transaction with Tornado Cash, is not prohibited."  For example, U.S. persons would not be prohibited by U.S. sanctions regulations from copying the open-source code and making it available online for others to view, as well as discussing, teaching about, or including open-source code in written publications, such as textbooks, absent additional facts.  Similarly,

U.S. persons would not be prohibited by U.S. sanctions regulations from visiting the Internet archives for the Tornado Cash historical website, nor would they be prohibited from visiting the Tornado Cash website if it again becomes active on the Internet.

If your clients wish to apply for a specific license, the link below provides information about how to do so:

https://home.treasury.gov/policy-issues/financial-sanctions/ofac-license-application-page

Please let us know if you would like to discuss.

                                               Sincerely,

                                               /s/ *Stephen M. Elliott*
                                               Stephen M. Elliott