UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Joseph Van Loon; Tyler Almeida; Alexander Fisher; Preston Van Loon; Kevin Vitale; and Nate Welch,<br><br>         Plaintiffs,<br><br>    - against -<br><br>Department of the Treasury; Office of Foreign Assets Control; Scott Bessent, in his official capacity as Secretary of the Treasury; and Bradley T. Smith, in his official capacity as Director of the Office of Foreign Assets Control,<br><br>         Defendants. | No. 1:23-cv-312-RP |

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Pursuant to Federal Rule of Civil Procedure 58(d), Plaintiffs Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch respectfully move for entry of judgment on Count 1 of their Amended Complaint, Dkt. 21, against Defendants Department of the Treasury; Office of Foreign Assets Control (OFAC); Scott Bessent, in his official capacity as Secretary of the Treasury; and Bradley T. Smith, in his official capacity as Director of OFAC, *see* Fed. R. Civ. P. 25(d), and on Counts 2 and 3 of their Amended Complaint in favor of Defendants.

  1.  On August 17, 2023, this Court granted Defendants' motion for summary judgment and denied Plaintiffs' motion for summary judgment. Dkt. 94. The Court entered final judgment in favor of Defendants. Dkt. 95.

  2.  On September 18, 2023, Plaintiffs appealed this Court's dismissal of Count 1 of their Amended Complaint to the U.S. Court of Appeals for the Fifth Circuit. Dkt. 96.

3. On November 26, 2024, the court of appeals reversed and remanded to this Court "with instructions to grant [Plaintiffs'] motion for partial summary judgment." Dkt. 99, at 5.

4. Specifically, the Fifth Circuit held that, until Congress "update[s] IEEPA, enacted during the Carter Administration, to target modern technologies like crypto-mixing software," "Tornado Cash's immutable smart contracts (the lines of privacy-enabling software code) are not the 'property' of a foreign national or entity, meaning (1) they cannot be blocked under IEEPA, and (2) OFAC overstepped its congressionally defined authority." Dkt. 99, at 4.

5. Under Federal Rule of Appellate Procedure 40(d)(1), Defendants had 45 days—until January 10, 2025—to file any petition for rehearing.

6. On January 3, 2025, Defendants filed an unopposed motion for a 7-day extension of time in which to file any petition for rehearing, up to and including January 17, 2025.

7. Defendants did not file any petition for rehearing, nor did they move to stay the Fifth Circuit's mandate pending a petition for a writ of certiorari to the U.S. Supreme Court.

8. On January 21, 2025, the Fifth Circuit issued its mandate, remanding the case to this Court. Dkt. 99.

9. On January 28, 2025, Plaintiffs shared the attached proposed final judgment with Defendants. The proposed final judgment faithfully reflects the Fifth Circuit's mandate that this Court "grant [Plaintiffs'] motion for partial summary judgment" as to Count 1 of the Amended Complaint. It also provides that judgment should be entered in favor of Defendants on Counts 2 and 3, which Plaintiffs did not appeal.

10. On February 3, 2025, Defendants informed Plaintiffs that they did not consent to the motion, notwithstanding the Fifth Circuit's clear mandate.

11.     Consistent with the Federal Rules of Appellate Procedure, Defendants had multiple mechanisms at their disposal to delay the issuance of an order by the Fifth Circuit that this Court grant Plaintiffs' partial motion for summary judgment—such as filing a petition for rehearing or a motion to stay the mandate.  Defendants did neither.  The Federal Rules of Civil Procedure do not authorize Defendants to delay resolution of this action in Plaintiffs' favor simply by refusing to consent to a motion for entry of judgment consistent with the mandate issued by the court of appeals.

12.     In light of the fact that it has now been two weeks since the mandate issued, and in light of the absence of any ambiguity in the mandate, there is no just cause of delay.  Plaintiffs thus respectfully ask that this Court proceed to enter the proposed final judgment.

Dated:  February 3, 2025                                    /s/ Kannon K. Shanmugam

CHARLES LEWIS AINSWORTH
  (Texas Bar #00783521)
PARKER, BUNT & AINSWORTH, P.C.
  100 East Ferguson, Suite 418
  Tyler, TX 75702
  (903) 531-3535 (telephone)
  charley@pbatyler.com

KANNON K. SHANMUGAM*
MATTEO GODI*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  2001 K Street, N.W.
  Washington, DC 20006
  (202) 223-7300 (telephone)
  kshanmugam@paulweiss.com

*Admitted pro hac vice

Attorneys for Plaintiffs
Joseph Van Loon, Tyler Almeida,
Alexander Fisher, Preston Van Loon,
Kevin Vitale, and Nate Welch