UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOSEPH VAN LOON *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF THE TREASURY *et al.*, <br><br> Defendants. | Civil Action No. 1:23-cv-312-RP |

**DEFENDANTS' OPPOSED MOTION FOR EXTENSION OF TIME TO RESPOND**

Defendants respectfully move the Court to extend their time to respond to Plaintiffs' Motion for Entry of Judgment, ECF No. 100, by 60 days, to April 19, 2025.

1. On November 26, 2024, the Court of Appeals for the Fifth Circuit reversed this Court's judgment in favor of Defendants and remanded "with instructions to grant [Plaintiffs'] motion for partial summary judgment." ECF No. 99, at 3. The Fifth Circuit determined, in relevant part, that "Tornado Cash's *immutable* smart contracts . . . are not the 'property' of a foreign national or entity, meaning . . . they cannot be blocked under [the International Emergency Economic Powers Act (IEEPA)]." *Id.* at 2.

2. On January 3, 2025, Defendants, under the previous administration, filed a motion for extension of time until January 17, 2025, to file a petition for rehearing before the court of appeals. *See* Consent Motion for Ext. of Time to File Pet. for Rehearing, *Van Loon v. Dep't of Treasury*, No. 23-50669 (5th Cir. Jan. 3, 2025), Dkt. 128. In that motion, Defendants represented that an extension was necessary to "permit adequate time for consultation among the components of the government affected by the Court's decision and to permit preparation of a petition if authorized by the Solicitor General." *Id.* at 2. The court of appeals granted that motion.

1

3. Following the change in administration, Defendants have begun the process of consulting the components of the government affects by the Fifth Circuit's decision in this case, including briefing new personnel and assessing the appropriate remedy to effectuate the Fifth Circuit's decision.

4. On January 21, 2025, the Fifth Circuit returned the mandate in this case to this Court. On February 3, 2025, Plaintiffs filed a motion for entry of judgment. ECF No. 100, ¶ 11. Defendants do not consent to entry of Plaintiffs' proposed judgment.

5. On February 5, 2025, Defendants filed a notice of intent to respond to Plaintiffs' motion. *See* ECF No. 101. In that notice, Defendants informed the Court that additional time was needed to determine their position on the appropriate remedy, "in the interest of efficiency and in the hope of reaching an agreement that might obviate the need for adversarial briefing." *Id.* ¶ 3.

6. Defendants' response to Plaintiffs' motion is currently due on February 18, 2025.[1] Defendants need additional time, however, to coordinate across agencies the proper response to the Plaintiffs' motion. Under the Federal Rule of Civil Procedure 6(b)(1)(A), the court "may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Good cause exists for an extension in this case to permit Defendants to prepare a thorough and properly considered response to Plaintiffs' motion. In light of the recent change in administration, new leadership and personnel are still becoming familiar with this matter, and Defendants require more time to determine their response to Plaintiffs' motion and proposed judgment.

7. Plaintiffs will not be prejudiced by this extension. An extension of 60 days maintains the status quo and gives Defendants time to determine a judicious way to implement the Fifth Circuit's

---

[1] Undersigned counsel previously represented that Defendants would file a response by February 17, 2025. ECF No. 101, ¶ 5. Under Federal Rule of Civil Procedure 6(1)(C), the deadline is the following day.

decision. The Office of Foreign Assets Control will not enforce sanctions based on involvement of Tornado Cash immutable smart contracts in a transaction during the 60-day period requested in this motion.

8. Counsel for Defendants conferred with counsel for Plaintiffs, who advised that they oppose this motion and intend to promptly file a written opposition. *See* Local Rule CV-7(G).

For these reasons, Defendants respectfully request an extension of time to respond to April 19, 2025.

February 17, 2025

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

STEPHEN M. ELLIOTT
Assistant Director

*/s/ Christine L. Coogle*
CHRISTINE L. COOGLE
Trial Attorney
Federal Programs Branch
Civil Division
U.S. Department of Justice
1100 L St. NW
Washington, D.C. 20005
(202) 880-0282
chrisitne.l.coogle@usdoj.gov

*Counsel for Defendants*