UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Joseph Van Loon; Tyler Almeida; Alexander Fisher; Preston Van Loon; Kevin Vitale; and Nate Welch,<br><br>        Plaintiffs,<br><br>    - against -<br><br>Department of the Treasury; Office of Foreign Assets Control; Scott Bessent, in his official capacity as Secretary of the Treasury; and Bradley T. Smith, in his official capacity as Director of the Office of Foreign Assets Control,<br><br>        Defendants. | No. 1:23-cv-312-RP |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR EXTENSION OF TIME**

  Plaintiffs respectfully oppose Defendants' Motion for Extension of Time to respond to Plaintiffs' Motion for Entry of Judgment, Dkt. 102.

  1.  To recap the relevant facts: on November 26, 2024, the Fifth Circuit reversed this Court's earlier judgment and remanded with instructions to grant Plaintiffs' motion for partial summary judgment. *See* Dkt. 100, ¶¶ 3-4. Defendants neither sought rehearing nor moved to stay the Fifth Circuit's mandate. *See id.* ¶¶ 5-7. Accordingly, on January 21, 2025, the Fifth Circuit issued its mandate to this Court. *See id.* ¶ 8.

  2.  Today, some three months after the court of appeals remanded with instructions to enter judgment in Plaintiffs' favor, Defendants still continue to list Tornado Cash and its associated digital currency addresses on the Specially Designated Nationals and Blocked Persons list ("SDN List"). *See* OFAC, Sanctions List Search (last visited Feb. 19, 2025) <tinyurl.com/htcckz2j>. As a result of the Fifth Circuit's decision, that listing is unlawful.

3. On February 3, 2025, Plaintiffs moved this Court to enter an amended judgment implementing the Fifth Circuit's mandate. *See* Dkt. 100, 100-1 (proposed judgment). Defendants filed a notice of their intent to "respond fully to Plaintiffs' motion no later than February 17, 2025, in accordance with the local rules." Dkt. 101, ¶ 5.

4   Yet on that date, Defendants moved for an additional 60 days to respond. *See* Dkt. 102. Defendants did not even attempt to gesture at a reason why they might need two additional months—for a total of five months since the Fifth Circuit's judgment—to determine their position on the Fifth Circuit's binding and unambiguous order on this Court to "grant Van Loon's partial motion for summary judgment based on the Administrative Procedure Act." *Van Loon* v. *Department of the Treasury*, 122 F.4th 549, 571 (2024).

5. There is no valid reason for this Court to delay entry of Plaintiffs' proposed judgment faithfully implementing that simple mandate. "It is black-letter law that a district court must comply with a mandate issued by an appellate court." *M.D. by Stukenberg* v. *Abbott*, 977 F.3d 479, 482 (5th Cir. 2020) (collecting cases). And a court must do so swiftly, as "delaying entry of judgment would similarly be ignoring the mandate." *Campbell Harrison & Dagley, L.L.P.* v. *Hill*, Civ. No. 12-4599, 2015 WL 3541576, at *3 (N.D. Tex. June 3, 2015).

6. Defendants offer no explanation for how they could conceivably, in good faith, oppose Plaintiffs' proposed judgment. They propose no alternative judgment, and they give no other basis for thinking the Administration's "new leadership and personnel" could have any ground to oppose the ministerial act of entering Plaintiffs' proposed judgment implementing the mandate. Dkt. 102, ¶ 6. What is more, Defendants have informed Plaintiffs that they do not intend to seek review from the Supreme Court of the Fifth Circuit's decision in this case. This is not rocket science. It is hard to see any purpose for the government's motion besides delay.

7.  Defendants suggest that Plaintiffs will not be prejudiced because OFAC will not enforce sanctions during the delay.  *See* Dkt. 102, ¶ 7.  But that is cold comfort:  until this Court implements the Fifth Circuit's mandate and enters judgment, anyone who uses these tools could have their money frozen at any time and would need to trust Defendants' reassurances in an unsworn extension motion over Defendants' threat of criminal sanctions published on their official website.  *See* OFAC, Sanctions List Search, *supra*.  But more importantly, the Fifth Circuit held that Defendants lack the authority to impose sanctions at all, let alone enforce them.  Defendants should not earn any brownie points for stating that they do not intend to violate the law.

8.  Plaintiffs should not be hostage to the Department of Justice's disorganization.  This Court should now proceed to enter Plaintiffs' proposed judgment to implement the Fifth Circuit's mandate, and it should deny Defendants' motion for an extension as moot.

Dated:  February 19, 2025

/s/ Kannon K. Shanmugam

CHARLES LEWIS AINSWORTH
  (Texas Bar #00783521)
PARKER, BUNT & AINSWORTH, P.C.
  100 East Ferguson, Suite 418
  Tyler, TX 75702
  (903) 531-3535 (telephone)
  charley@pbatyler.com

KANNON K. SHANMUGAM*
MATTEO GODI*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  2001 K Street, N.W.
  Washington, DC 20006
  (202) 223-7300 (telephone)
  kshanmugam@paulweiss.com

*Admitted pro hac vice*

*Attorneys for Plaintiffs*
*Joseph Van Loon, Tyler Almeida,*
*Alexander Fisher, Preston Van Loon,*
*Kevin Vitale, and Nate Welch*