**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| JOSEPH VAN LOON *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:23-cv-312-RP |
| DEPARTMENT OF THE TREASURY *et al.*, | |
| Defendants. | |

**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSION OF TIME, *NUNC PRO TUNC*, TO FILE A RESPONSE**

Pursuant to Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure, Defendants respectfully move this Court for an extension of time until March 18, 2025, *nunc pro tunc*, to file a response to Plaintiffs' Motion for Entry of Judgment, ECF No. 100. Defendants have conferred with Plaintiffs, who do not oppose an extension. In support of this motion, Defendants state as follows:

1. On February 17, 2025, Defendants moved for a 60-day extension of the deadline to file a response to Plaintiffs' Motion for Entry of Judgment. *See* ECF No. 102. Plaintiffs opposed the motion, ECF No. 103. In a February 19 text order, this Court granted an extension of 30 days—which set the new deadline at March 17—and noted that "[n]o further requests for extensions to the Court will be granted absent compelling reasons on the part of Defendants."

2. On the evening of March 17, 2025, undersigned counsel for Defendants repeatedly attempted to access this Court's CM/ECF website to file a response by the deadline, but the website remained inaccessible. As a result, Defendants were not able to file their response to Plaintiffs' Motion for Entry of Judgment in accordance with the court's February 19 text order. Defendants emailed a final version of the response and proposed order to Plaintiffs on March 17, 2025 prior to the filing deadline, and have attached those documents to this motion.

3.      Rule 6 allows the Court to grant an extension of time for good cause shown, even after the deadline has passed, in the event of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is an "elastic concept" that empowers courts to accept, "where appropriate, . . . late filings caused by inadvertence, mistake, or carelessness[.]" *Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392, 388 (1993). An extension for excusable neglect is warranted here. Defendants attempted to comply with the Court's mandated deadline for a response on the evening of March 17, 2025, but were prevented from doing so due to the unavailability of the Court's CM/ECF website. This error was not intentional, nor was it the result of carelessness by the U.S. government. Defendants seek an extension until March 18, 2025, the date of this motion.

4.      Allowing this extension will not prejudice any Party, nor will it negatively impact the Court's resolution of this matter.

5.      Defendants have conferred with Plaintiffs about an extension, and Plaintiffs do not oppose this Motion. Plaintiffs also noted that they intend to file a reply to Defendants' response.

For the foregoing reasons, Defendants respectfully request that the Court grant the requested extension, and apologize for any inconvenience caused to the Court or the Parties.

March 18, 2025                          Respectfully submitted,

                                       YAAKOV M. ROTH
                                       Acting Assistant Attorney General

                                       ALEXANDER K. HAAS
                                       Director

                                       STEPHEN M. ELLIOTT
                                       Assistant Director

                                       */s/  Kevin K. Bell*
                                       KEVIN K. BELL
                                       GA Bar No. 967210
                                       Trial Attorney
                                       Federal Programs Branch
                                       Civil Division
                                       U.S. Department of Justice
                                       1100 L St. NW

Washington, D.C. 20005
(202) 205-8613
Kevin.K.Bell@usdoj.gov

*Counsel for Defendants*