UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Joseph Van Loon; Tyler Almeida; Alexander Fisher; Preston Van Loon; Kevin Vitale; and Nate Welch,<br><br>         Plaintiffs,<br><br>    - against -<br><br>Department of the Treasury; Office of Foreign Assets Control; Scott Bessent, in his official capacity as Secretary of the Treasury; and Bradley T. Smith, in his official capacity as Director of the Office of Foreign Assets Control,<br><br>         Defendants. | No. 1:23-cv-312-RP |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT AND RESPONSE TO DEFENDANTS' MOTION FOR STAY

Four months ago, the Fifth Circuit held that the Department of the Treasury "exceeded its statutory authority" when it added Tornado Cash to the Specially Designated Nationals and Blocked Persons (SDN) List, remanding "with instructions to grant [Plaintiffs'] partial motion for summary judgment." Dkt. 99, at 35-36. The mandate issued two months ago, *see id*. at 1, and it is "black-letter law that a district court must comply with a mandate issued" promptly, *M.D. by Stukenberg* v. *Abbott*, 977 F.3d 479, 482 (5th Cir. 2020) (collecting cases).

The Department's response to that unambiguous mandate has been a study in chaos. In response to Plaintiffs' motion for entry of judgment, Defendants first announced their "inten[t] to respond fully to Plaintiffs' motion no later than February 17, 2025." Dkt. 101, at 2. When February 17 arrived, they sought a two-month extension to "determine their response," Dkt. 102 at 2, regarding whether the Fifth Circuit's mandate required this Court to grant Plaintiffs' motion for

summary judgment and "do nothing else," *General Universal Systems, Inc.* v. *HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (citation omitted). (It did.) Then, last Tuesday, Defendants asked this Court either to "remand . . . for further proceedings" (without vacatur) or to grant an open-ended stay. Dkt. 106, at 5. A mere three days later, all uncertainty requiring "further proceedings" and an indefinite stay magically dissipated: Defendants revoked the Tornado Cash designation. *See* Press Release, Department of the Treasury, Tornado Cash Delisting (Mar. 21, 2025) <tinyurl.com/DelistingRelease> ("March 21 Press Release"). Defendants claimed to have "exercised [their] discretion" in doing so, as if the Fifth Circuit's decision gave them any choice. *Id*. And then, Defendants filed a notice claiming that further briefing is warranted over whether the case is moot now that they delisted Tornado Cash *after* the Fifth Circuit's mandate but *before* this Court's entry of judgment. Dkt. 107.

Enough is enough. It is time for this Court to do what the Fifth Circuit ordered months ago. Plaintiffs' motion for partial summary judgment on Count 1 must be granted, and Defendants' designation must be held unlawful and set aside. *See* Dkt. 21, at 26-27; Dkt. 100-1, at 1.

1. At the risk of stating the obvious, Defendants did not have discretion over whether to delist Tornado Cash. The Fifth Circuit held that "OFAC exceeded its statutory authority" when it designated Tornado Cash in the first place, Dkt. 99, at 35, and the APA instructs that courts "shall . . . hold unlawful and set aside" agency action in excess of statutory authority, 5 U.S.C. § 706(2). Though Defendants argued in their response that the Fifth Circuit "only" held that immutable smart contracts are not "property" under the International Emergency Economic Powers Act, Dkt. 106, at 3-4, they did not argue that the designation of the immutable smart contracts is severable from the remainder of the Tornado Cash designation, *see National Association of Man-*

2

*ufacturers* v. *SEC*, 105 F.4th 802, 816 (5th Cir. 2024). Accordingly, this Court's task is straightforward: enter judgment to declare the Department's action unlawful and set it aside. *See* Dkt. 100-1.

2. Defendants now request further briefing on mootness based on the Department's post-mandate, pre-judgment revocation of the Tornado Cash designation. *See* Dkt. 107. This case is not moot, and the Court should not entertain the Department's latest effort to avoid judgment.

When a party loses on appeal and the court of appeals remands to the district court with instructions to grant judgment in favor of the prevailing party, the losing party obviously cannot escape that judgment by suspending its challenged conduct before judgment is entered. That suggestion is as absurd as it sounds. And it is even more absurd in a case such as this one, where the Department has been engaging in delay tactics for months. If the Department's gimmick were enough to strip this Court of jurisdiction before judgment is entered, no case would ever be litigated through judgment. "A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated." *FBI* v. *Fikre*, 601 U.S. 234, 241 (2024).

The reasons this case is not moot are even more self-evident than the reasons the FBI's removal of an individual from the No Fly List does not moot a request for declaratory and injunctive relief. *See Fikre*, 601 U.S. at 242-245. In that case, the Supreme Court explained that Article III does not "impl[y] that a defendant may automatically moot a case by the simple expedient of suspending its challenged conduct after it is sued," unless the defendant can meet the "formidable burden" of "show[ing] that the practice cannot reasonably be expected to recur." *Id*. at 241 (internal quotation marks and citations omitted). "Were the rule more forgiving, a defendant might suspend its challenged conduct after being sued, win dismissal, and later pick up where it left off." *Id*. In a unanimous decision, the Court held that the case was not moot because "the government's

sparse declaration" that the plaintiff would not be placed on the No Fly List in the future fell "short of demonstrating that [the government] cannot reasonably be expected to do again in the future what it is alleged to have done in the past." *Id*. at 242.

When it comes to the Tornado Cash designation, Defendants' recent actions confirm that this case is not moot. *See Lewis* v. *United States*, 88 F.4th 1073, 1078-1079 (5th Cir. 2023). Defendants do not suggest that they will not seek to sanction Tornado Cash again. Quite the opposite. The Department claims to have revoked the designation in its "discretion" and "[b]ased on the Administration's review of the novel legal and policy issues raised." *See* March 21 Press Release. Apparently, Defendants deem that sufficient to meet the "formidable burden" of establishing mootness. *Fikre*, 601 U.S. at 241 (citation omitted). But to establish mootness, "a defendant must prove no reasonable expectation remains that it will return to [its] old ways," and that rule "holds for governmental defendants no less than for private ones." *Id*. (internal quotation marks and citation omitted). Throughout this litigation, Plaintiffs have requested that this Court declare the designation unlawful, set it aside, and issue a permanent injunction against enforcement. *See* Dkt. 21, at 26-27; Dkt. 41, at 30; Dkt. 100-1. Absent a judgment holding Defendants' designation unlawful, there continues to be a substantial controversy because nothing would prevent the Department from "reenact[ing] precisely the same [designation]" in the future. *City of Mesquite* v. *Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982).

\*     \*     \*     \*     \*

Defendants have been on a multi-month mission to evade an adverse judgment in this case. The Fifth Circuit ordered that this Court grant Plaintiffs' motion for partial summary judgment. Perhaps because the Department knew that the writing was on the wall, it declined to seek rehearing from the Fifth Circuit or to file a petition for a writ of certiorari before the Supreme Court.

Instead, Defendants resorted to a clever ploy to evade an adverse precedent: stall the entry of judgment that it lacks statutory authority; invoke some nonexistent "discretion" to revoke the challenged action before judgment is entered; and then wave the mootness flag. The Department has taken all of these steps while attempting to retain discretion for itself and continuing to show "utter unwillingness to concede" its lack of authority. *Lewis*, 88 F.4th at 1080 n.7 (quotation marks and citations omitted); *see id*. (citing 28 U.S.C. § 2412(b)).

It is time to put an end to all of this. When an administrative agency acts in excess of statutory authority, a court "shall . . . hold unlawful and set aside" the agency action. 5 U.S.C. § 706(2). This Court should enter Plaintiffs' proposed final judgment and declare that the challenged agency action is unlawful.

Dated: March 24, 2025

CHARLES LEWIS AINSWORTH
  (Texas Bar #00783521)
PARKER, BUNT & AINSWORTH, P.C.
  *100 East Ferguson, Suite 418*
  *Tyler, TX 75702*
  *(903) 531-3535 (telephone)*
  *charley@pbatyler.com*

/s/ Kannon K. Shanmugam
KANNON K. SHANMUGAM*
MATTEO GODI*
PAUL, WEISS, RIFKIND,
  WHARTON & GARRISON LLP
  *2001 K Street, N.W.*
  *Washington, DC 20006*
  *(202) 223-7300 (telephone)*
  *kshanmugam@paulweiss.com*

*\* Admitted pro hac vice*

*Attorneys for Plaintiffs*
*Joseph Van Loon, Tyler Almeida,*
*Alexander Fisher, Preston Van Loon,*
*Kevin Vitale, and Nate Welch*

5