IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JOSEPH VAN LOON, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:23-CV-312-RP |
| | § | |
| DEPARTMENT OF THE TREASURY, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Plaintiffs Joseph Van Loon, Tyler Almeida, Alexander Fisher, Preston Van Loon, Kevin Vitale, and Nate Welch's ("Plaintiffs") motion for entry of a final judgment. (Dkt. 100). Defendants the Department of Treasury; the Office of Foreign Assets Control ("OFAC"); Scott Bessent, in his official capacity as Secretary of the Treasury; and Bradley T. Smith, in his official capacity as Director of the Office of Foreign Assets Control ("Defendants") filed a response, (Dkt. 106), to which Plaintiffs replied, (Dkt. 108). Having considered the parties' briefs and the relevant law, the Court finds that Plaintiffs' motion should be granted.

This case concerns Tornado Cash's designation to the Specially Designated Nationals and Blocked Persons ("SDN") list maintained by the OFAC. Plaintiffs' Complaint sought an order declaring Defendants' designation not in accordance with law and in excess of statutory jurisdiction, authority, or limitations within the meaning of 5 U.S.C. § 706(2), and sought relief including vacating and setting aside the designation. (Compl., Dkt. 1, at 19). In their Motion for Partial Summary Judgment, Plaintiffs requested that this Court grant summary judgment and order "that the Defendants' designation is unlawful and therefore set aside, and that Defendants are permanently enjoined from enforcing it." (Dkt. 41-7, at 1).

This case comes back to this Court on remand from the Fifth Circuit with instruction to grant summary judgment to Plaintiffs on their Administrative Procedure Act claim. (Dkt. 99, at 36). By way of procedural background, on August 17, 2023, the Court issued an order granting Defendants' Motion for Summary Judgment, denying Plaintiffs' Motion for Partial Summary Judgment, and denying Plaintiffs' Motion for Oral Argument. (Order, Dkt. 94). The Court's order denied Plaintiffs' motion for partial summary judgment on their Administrative Procedure Act and First Amendment claims and granted Defendants' motion for summary judgment as to all claims. (*Id.*). On that date, the Court entered final judgment in this case. (Dkt. 95). Plaintiffs subsequently appealed, (Dkt. 96), and on January 21, 2025, the Fifth Circuit issued an opinion reversing this Court's order denying Plaintiffs' motion for partial summary judgment as to the Administrative Procedure Act claim, (Dkt. 99), and accordingly instructing this Court to grant Plaintiffs' motion for partial summary judgment under the Administrative Procedure Act, (*id.* at 36).

Plaintiffs moved for an entry of final judgment on February 3, 2025. (Dkt. 100). Plaintiffs request that this Court issue a revised final judgment declaring that the agency action designating Tornado Cash to the SDN list "is unlawful and therefore set aside." (Dkt. 100-1, at 1). Defendants indicated their intent to respond, (Dkt. 101), and subsequently filed a response on March 18, 2025, (Dkt. 106), after requesting additional time from the Court to consider the Fifth Circuit's order in light of the change in presidential administration, (Dkt. 102). In their Response, Defendants requested that this Court "remand" the Tornado Cash designation to the Department of the Treasury or stay the case for the agency to further consider Tornado Cash's designation. (Dkt. 106, at 5). Subsequently, Defendants revoked the Tornado Cash designation and filed notice with this Court arguing that briefing on mootness is warranted as a result. (Dkt. 107). Plaintiffs replied that the case is not moot and reiterated their request that this Court declare the agency action unlawful and set aside. (Dkt. 108).

As an initial matter, this Court finds that this case is not moot. Defendants are correct that this Court has a continuing obligation to confirm that it possesses Article III jurisdiction over the case. *Envtl. Conservation Org. v. Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). However, the Court can consider mootness without additional briefing from the parties and is satisfied that this case is not moot because the issue is capable of repetition while evading review. That exception applies "only in exceptional situations," where (1) "the challenged action [is] in its duration too short to be fully litigated prior to cessation or expiration," and (2) "there [is] a reasonable expectation that the same complaining party [will] be subject to the same action again." *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016) (cleaned up). Here, the exception applies, and the case is not moot.

On the first prong, the Court finds that the challenged action was set to be fully litigated to the entry of a final judgment finding the agency designation of Tornado Cash to the SDN unlawful and setting it aside under 5 U.S.C. § 706(2), as Plaintiffs requested in their Motion for Partial Summary Judgment, (Dkt. 41-7), which the Fifth Circuit instructed this Court to grant, (Dkt. 99, at 36). However, after Defendants sought additional time purportedly to file a response brief in this Court, they instead used that time to seek to moot the issue by changing the relevant facts via additional agency action they called an exercise of "discretion," instead of simply filing a responsive brief about the entry of a final judgment effectuating the Fifth Circuit's mandate. *See* U.S. Dep't of the Treasury, Tornado Cash Delisting, Press Releases (Mar. 21, 2025), https://home.treasury.gov/news/press-releases/sb0057 (cited in Defendants' Notice, Dkt. 107). As such, the challenged action became too short to be fully litigated and addressed by this Court by finally resolving the case in accordance with the Fifth Circuit's order as it was instructed to do in January. The first prong is therefore met. *Cf. FBI v. Fikre*, 601 U.S. 234, 241 (2024) ("A live case or controversy cannot be so easily disguised, and a federal court's constitutional authority cannot be so readily manipulated.").

On the second prong, Defendants do not suggest they will not sanction Tornado Cash again, and they may seek to "reenact[] precisely the same [designation]" in the future. *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982). Rather than acknowledge that the Fifth Circuit's order required delisting Tornado Cash, Defendants state that they exercised their "discretion" in deciding to do so based on more general policy and legal considerations. They state publicly that they will continue to review the economic sanctions at issue closely in the future. *See* U.S. Dep't of the Treasury, Tornado Cash Delisting, Press Releases (Mar. 21, 2025), https://home.treasury.gov/news/press-releases/sb0057 (cited in Defendants' Notice, Dkt. 107). The mootness exception test is met, and the Court will proceed to enter a final judgment finding unlawful and setting aside the agency's determination, as Plaintiffs requested and as the Fifth Circuit instructed.

Finally, the Court acknowledges that this case involves sensitive issues of security and economic regulation, and that Defendants insist the Fifth Circuit's ruling be treated as a "narrow" holding as not to constrain Defendants from regulating similar assets and technology in the future, to include regulations not specifically about the "immutable smart contracts" addressed in the Fifth Circuit's order. (Dkt. 106, at 4). However, how narrowly or broadly future courts will interpret the Fifth Circuit's ruling when reviewing other agency determinations is not the issue before this Court. The issue before this Court, which maintains jurisdiction over this case to enter a final judgment, is simply to enter partial summary judgment in favor of Plaintiffs as instructed by the Fifth Circuit and resolve the instant dispute on the record in this case.

In light of the Fifth Circuit's opinion in this case, the Court **ORDERS** as follows.

**IT IS ORDERED** that the order denying Plaintiffs' Motion for Partial Summary Judgment and granting Defendants' Motion for Summary Judgment, (Dkt. 94), is **VACATED IN PART** in accordance with the Fifth Circuit's opinion.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Partial Summary Judgment, (Dkt. 41), is **GRANTED** as to the Administrative Procedure Act claim and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment, (Dkt. 80), is **DENIED** as to Plaintiffs' claim under the Administrative Procedure Act and **GRANTED** in all other respects.

**IT IS FINALLY ORDERED** that the final judgment, (Dkt. 95), is **VACATED**. The Court will issue an amended final judgment via separate order.

**SIGNED** on April 28, 2025.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE